(34 Misc. Rep. 92.)

### VILLAGE OF HEMPSTEAD v. SEYMOUR et al.

(Supreme Court, Trial Term, Nassau County. February, 1901.)

1. VILLAGE BONDS—VALIDITY—ELECTION.
   Under Laws 1897, c. 414, or Laws 1892, c. 685, § 5, requiring submission to electors of proposition to issue bonds, village bonds issued under a single resolution of its trustees for the borrowing of a gross sum to maintain waterworks and also a village lighting system are invalid as compelling the taxpayer to vote for or against both propositions without giving him any freedom of choice.

2. SAME—SPECIFIC PERFORMANCE.
   Specific performance of a contract to purchase village bonds will not be granted where the bonds are invalid.

Action by the village of Hempstead against William W. Seymour and others to compel specific performance of contract by defendants to purchase the bonds of the village. Judgment for defendants.

Fred Ingraham, for plaintiff.
Hornblower, Byrne, Miller & Potter, for defendants.

GARRETSON, J. This action is brought to compel specific performance by the defendants of a contract to purchase $100,000 of bonds of the village to be issued for waterworks and a lighting system. The defendants seek to defeat the action by alleging a failure not only to comply with the provisions of "the village law," but also a substantial departure therefrom on the part of the trustees and electors in the proceedings leading to the proposed issuance of the bonds, and ask for an affirmative judgment that they be relieved from their contract, and that the sum of $5,000 deposited by them on account of the purchase price be returned to them by the plaintiff, with interest. The facts are fully set forth in the pleadings, and the case is submitted for determination thereon.

Several objections are raised by the defendants to the regularity of the proceedings; the one most strongly urged, and which seems to be of the most serious nature, relating to the joinder of the subjects of a water supply and a lighting system as one proposition for a gross sum to cover the cost of both, instead of dealing with

them as separate objects at a fixed sum to be applied to the cost of each. If the question thus arising shall be determined adversely to the plaintiff, consideration of the other questions will be unnecessary. Authority is given by section 128 of the village law (Laws 1897, c. 414) to the electors of the village to borrow money upon its bonds or other obligations for the purpose of purchasing, constructing, and maintaining certain specified village improvements (10 in all), among which are "(6) waterworks," "(7) lighting system." Article 8 of the law deals with the subject of "Water," and article 9 with the subject of "Light," and therein respectively treats of each separately. Section 221, art. 8, provides as follows: "A proposition may be submitted at a village election for the establishment of a system of water works for supplying the village and its inhabitants with water, or for the acquisition of an existing private system, at an expense in either case not exceeding the sum stated in the proposition." Section 222 provides: "If a proposition be adopted for the acquisition of an existing system of water works, the board of water commissioners may purchase the same at a price not exceeding the sum specified therein;" and further makes provision for the acquisition of the same by condemnation proceedings if purchase from the owners cannot be effected by agreement, and for a discontinuance of the proceedings if the value fixed by commissioners appointed therein is greater than the sum specified in the proposition, unless the payment of the additional amount be authorized at a village election. Section 223 provides: "If a proposition to establish a system of water works be adopted, the board of water commissioners shall proceed to construct such system accordingly;" and the section directs such board to prepare maps and plans of sources of supply, works, etc., and authorizes the entry upon lands for the purpose of preparing such maps and plans. Authority is also given thereby for the purchase by agreement with owners, or otherwise by condemnation, of any land, water, or water rights necessary for such system. It is manifest from a careful reading of the section cited that it was intended that the establishment of a system of waterworks, or the acquisition of an existing private system, should be acted upon as a distinct and independent proposition. Section 221 refers to these objects in the alternative, and sections 222 and 223 prescribe the procedure in the event that the electors shall adopt a proposition to have one or the other of them. To "establish" means to originate, to found, to institute, to create; not to acquire something which has already been brought into existence. As used in this statute, it contemplates, in part at least, the "constructing" as distinguished from the "purchasing" of "a village improvement," as those words are used in section 128, above referred to. By sections 241, 242, and 243, art. 9, provision is made (in language in all respects similar to that above quoted in regard to water, except so far as the same is modified to conform to the subject treated of) for the submission at a village election of a proposition for the establishment of a system for supplying the village and its inhabitants with light, or for the acquisition of an existing private system, at an expense in either case not exceeding the sum stated in the proposition,

and for the manner of the establishing of the one or the acquisition of the other, as the proposition may be adopted by the electors. The interpretation of sections 221, 222, and 223, expressed in the words of the preceding paragraph relative to water, applies equally to sections 241, 242, and 243, relative to light.

The plaintiff is subject to the restraints and limitations of the statute known as the "General Municipal Law" (Laws 1892, c. 685), which declares that "a funded debt shall not be contracted by a municipal corporation except for a specified object expressly stated in the ordinance or resolution proposing it; nor unless such ordinance or resolution shall be passed by a two-thirds vote of all the members elected to the board or council adopting it, or submitted to and approved by the electors of the town or county or taxpayers of the village or city when required by law. Such ordinance or resolution shall provide for raising annually by tax a sum sufficient to pay the interest and the principal as the same shall become due." Id. § 5. This statute requires that an ordinance or resolution of the trustees under which it is proposed to contract a debt for any village improvement authorized by law, such as waterworks or a lighting system, shall specify not only the particular improvement to be made, but the amount to be raised therefor, to the end that the taxpayer may directly and intelligently act thereon, voting for or against the proposition, as he may be disposed. It should be a single proposition, which he can favor or oppose as he may regard it to be or not to be meritorious, needful, or within the reasonable financial ability of the village to enter upon. While it would seem to permit the contracting of a funded debt by the same ordinance or resolution for more than one object, it would in such case require that each object and the amount to be raised therefor should be specified separately, thus enabling the taxpayer by his vote to discriminate between them according to his will in respect to each. To join in the resolution two or more objects interwoven by words so that they cannot be acted upon separately compels the taxpayer to vote for or against both, although he might be in favor of one and opposed to the other. He is thus deprived of his freedom of choice. The practical result might well be in a particular case, should this course be permitted, that a needed improvement would be defeated because allied to one without merit, or both would be adopted in either event to the disadvantage of the municipality. The views above expressed are in harmony with the conclusion reached in Gray v. Mount, 45 Iowa, 591, and particularly with the statements of Beck, J., in delivering the opinion of the court, at page 595. See, also, Board of Sup'rs of Fulton Co. v. Mississippi & W. R. Co., 21 Ill. 338; McBryde v. City of Montesano (Wash.) 34 Pac. 559. The resolution of the trustees of the plaintiff (which has been approved by the taxpayers, and under which the bonds, which the defendants have contracted to purchase, are proposed to be issued) in terms provides for the borrowing of the sum of $100,000 for the purchasing, constructing, and maintaining waterworks and a lighting system for said village; thus combining not only two distinct objects—that of waterworks and a lighting system— of necessity not related or interdependent, without a separate speci-

fication of the amount to be applied to each, but is also indefinite as to purpose, in that by its terms the resolution does not state whether purchase or construction is proposed. I am of the opinion that the proceedings which have been taken are so much at variance with both the letter and spirit of the statute applicable thereto that the bonds to be issued thereunder will be invalid in the hands of the defendants, and that performance by them of their contract to purchase should not be adjudged. There should be judgment in favor of the defendants dismissing the plaintiff's complaint, and for the recovery upon their counterclaim against the plaintiff of the sum of $5,000, with interest and costs.

Judgment for defendants dismissing complaint, and for their recovery upon their counterclaim against plaintiff of $5,000, with interest and costs.