No. 12,305.

CITY AND COUNTY OF DENVER ET AL. *v.* WIDOM ET AL.

(7 P. [2d] 406)

Decided January 11, 1932.

Mr. THOMAS H. GIBSON, Mr. CHARLES H. HAINES, Mr.
KARL BRAUNS, for plaintiffs in error.

Mr. Victor Arthur Miller, Mr. Jean Kelley, for defendants in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

The plaintiffs, R. B. Widom and Rose Widom, owners of property within a proposed improvement district, in this action seek to enjoin the city council of the City and County of Denver from passing an ordinance, which was then before it for consideration and which, if passed, would have created West Denver paving district No. 12, within which the streets would have been paved and the costs, except as to intersections, would have been assessed against abutting property in proportion to frontage or area ignoring actual or special benefits. The complaint named as defendants not only the City and County of Denver, but also the members of the city council. Upon issues joined by the answer of the defendants, evidence was taken and the court found all the issues of fact in favor of the plaintiffs, and upon final hearing made permanent the interlocutory injunction which theretofore had been granted, the result of which was that the council was enjoined from passing the ordinance on final and second hearing. The defendants are here with this writ of error seeking a reversal.

The record discloses that the matter of this paving improvement was initiated by the manager of improvements and parks, there being no petition therefor by any of the property owners within the proposed district. Section 22, page 37, of the Municipal Code of the City and County of Denver of 1927, at page 39, provides that no petition in such cases shall be required to authorize the manager to order paving to be done, except in cases where the amount to be assessed upon any piece or parcel of real estate shall exceed one-half its valuation

for assessment for general taxes for the year preceding the proposed order. In this case several pieces of real estate within this proposed district were to be assessed in an amount exceeding one-half of their valuation for assessment for general taxes for the year preceding. Courts generally have held that in such cases compliance with a provision of this character is jurisdictional. Such in effect is the express provision of this section of the Denver charter.

Section 22 (272) of the charter provides that if a remonstrance against the making of the improvement shall be filed with the board, subscribed and acknowledged as provided for by the charter, by the owners of the designated frontage of the real estate to be assessed for paving alone, the improvement shall not be made. A remonstrance was filed in this case by the prescribed per centum of frontage owners. The manager of improvements thereafter permitted, after this remonstrance had been filed with him, some of these protesting owners to withdraw their signatures which, if the withdrawal was proper, left an insufficient amount of frontage to defeat the improvement. This section provides that such withdrawal, after the same has been filed with the manager, may not be permitted. The charter also provides that due notice shall be given to the lot owners within the district and a time shall be fixed for hearing of any objections thereto. It seems that such a notice was published by the manager for a fixed day, but when some of the owners appeared the manager was not present to hear their objections, and the manager on a day later, without giving any notice of the time or place, overruled all objections and no hearing or opportunity was given to any of the protesting owners to be heard with any of the objections they had to the proposed paving.

Counsel for the defendants say that the evidence as to the foregoing facts was not sufficient to justify the granting of an injunction. If there is any conflict in the testimony the district judge, sitting as a trier of facts,

found the issues in favor of the plaintiffs and against the defendants. The record shows that there was sufficient evidence to justify the findings and we cannot interfere therewith.

The most serious defect, and of itself alone fatal to the case of the city in this proceeding, is that the proposed plan of assessing the property owners for the payment of this improvement, which was adopted by the manager and which the city council was asked by its ordinance to approve, and which would have been approved had not the injunction been granted, was the proposal to assess the property owners, not on the basis of special benefits but, as counsel for the defendants say in their brief: "According to a plan more or less arbitrary, which ignores actual benefits but is calculated to operate fairly in most cases, although undoubtedly frequently working individual hardships." Another statement in their brief is the following: "In the present case opposing counsel have emphasized the question of discrepancy in the benefits in the different parts of the district which would have some merit if our assessment was to be made in proportion to benefits, but it is quite beside the point where assessments are to be made according to frontage." It thus clearly appears that the proposal and the plan adopted, and throughout this proceeding thus far maintained, is that the proposed assessment is not based upon special benefits. The case now under consideration was tried and determined below before *Santa Fe Land Imp. Co. v. City and County of Denver,* 89 Colo. 309, 2 P. (2d) 238, and *Ross v. City and County of Denver,* 89 Colo. 317, 2 P. (2d) 241, were decided by this court. In the opinion in the Ross case we said, among other things, that the manager of improvements in that case overruled the objections of the property owners, which, in substance, are the same as the objections of plaintiffs here, because he had been advised by the city attorney that he must, in fixing and determining special assessments, be governed by the area rule of assessments, and that, although

he fully realized that the result would be unfair, he had no alternative except to follow the city attorney's advice in the matter. And in the Santa Fe Land Improvement Company case we said, in referring to the contention of the City and County of Denver that the manager informed the complaining property owners that their complaints and objections as to the amount of the assessments could not be considered because, irrespective of benefits, the charter provision for assessments according to area controlled. Manifestly the same instructions were given by the attorneys for the City and County of Denver to the manager in the case now under consideration and the proposed assessments here are just as objectionable and as fatally erroneous as were those in the Santa Fe Land Company case and the Ross case above referred to.

While we are of the opinion that the ordinance in question if enacted would be invalid, for the reasons already stated, nevertheless this court is committed by its decisions, in a number of cases, to the practice of refusing in such cases to enjoin enactment upon the ground that until the same is enacted the proposed improvement district is not in existence, and the complaining property owners should not resort to the courts for relief until after the council had passed the proposed ordinance on final hearing.

The judgment of the district court, however, for the reasons just mentioned, must be, and it is, reversed and the cause is remanded to the district court with directions to set the same aside, and dismiss the cause; with directions, if the ordinance be passed by the city council, and if plaintiffs so request, to reinstate the cause, and permit a suitable amendment to the complaint to allege the passage of the ordinance, and to proceed with the cause, considering the evidence heretofore introduced as already before the court. Costs both below and here to be taxed against the defendants.