HAWTHORNE, Justice.
 

 Relators in this suit seek a writ of mandamus to compel the mayor and the city, council of the City of Shreveport to adopt or to submit to the electorate an ordinance raising the salaries of the members of the police and fire departments of the City of Shreveport. The trial court sustained an exception of no cause or -right of action filed by the respondent mayor and council, and dismissed relators’ suit. From this judgment they have appealed.
 

 In the petition filed in the district court, relators allege that they are duly qualified electors of the City of Shreveport and signers of a certain petition which requested that the city council either pass or submit to the electorate of the city, without alteration, a proposed ordinance, submitted with the signed petition, raising the salaries of all employees of the fire department and the police department of the City of Shreveport, and that the city council has refused and failed either to- pass the ordinance or to submit it to the electors of the city.
 

 
 *61
 
 This proposed ordinance reads' in part as follows:
 

 “An Ordinance to Raise the Salaries of the Employees of the Police and Fire Departments of the City of Shreveport, Louisiana
 

 “Section 1. Be It Ordained by the City Council of the City of Shreveport, Louisiana, in regular and legal session convened; That the salaries of each and all employees of the Fire Department of the City of Shreveport are hereby raised ten cents per hour;
 

 “Section 2. Be It Further Ordained By the City Council of the City of Shreveport, Louisiana, in regular and legal session convened: That the salaries of each and all employees of the Police Department of the City of Shreveport are hereby raised fifteen cents per hour.”
 

 Relators seek to compel the adoption of this ordinance by the city council or its submission to the electorate, without alteration, under Section 14 of Act No. 302 of 1910, which, insofar as pertinent- here, reads as follows:
 

 “ * * * That any proposed ordinance may be submitted to the council by petition signed by the electors of the city equal in number to the percentage hereinafter required. * * *
 

 ' “If the petition * * * contains a request that the said ordinance be submitted to a vote of the people if not passed by the council, such council shall either,
 

 “Pass said ordinance'
 
 without alteration
 
 within twenty days after attachment of the certificate of the register of voters to the accompanying petition; or
 

 “ * * * the council
 
 shall
 
 call a special election, unless a general municipal election is fixed within ninety days thereafter, and at such special or general municipal election, if one is so fixed, such ordinance shall be submitted
 
 without alteration
 
 to the vote of the electors of said city. The ballots used when voting upon said ordinance shall contain these words ‘For the ordinance’ (stating the nature of the proposed ordinance), ‘Against the ordinance’ (stating the nature of the proposed ordinance). If a majority of the qualified electors voting on the proposed ordinance shall vote in favor thereof, such ordinance shall thereupon become a valid and binding ordinance of the city *. * *. Any number of proposed ordinances may be voted upon at the same election, in accordance with the provisions of this section; * * (All italics ours.)
 

 The council in its discretion having refused to adopt the ordinance, the question then presented is whether it became the mandatory duty of the council to submit the ordinance to the electorate of the City of Shreveport for adoption or rejection under the provision of the above-quoted section of Act No. 302 of 1910, that the council, upon its refusal to adopt an ordinance, shall submit it to the people at an election for rejection or adoption.
 

 
 *63
 
 With the provisions in mind that the ordinance must he submitted to the electorate
 
 without
 
 alteration, and that each elector can vote only “For the ordinance” or “Against the ordinance”, let us now examine the ordinance. As drafted, it would submit to the electorate of the City of Shreveport two separate and distinct propositions — first, a proposal to raise the salaries of all employees of the fire department 10^ per hour, and, second, a proposal to raise the salaries of all employees of the police department 15^ per hour. Thus an elector cortld not vote for one proposition without voting for the other, or vote against one proposition without voting against the other. It was- said by this court in Tolson et al. v. Police Jury of St. Tammany Parish et al., 119 La. 215, 43 So. 1011, 12 Ann.Cas. 847, that by such a proposal the voter is not allowed a free exercise of his judgment, and that such a mode of taking a vote is known in ordinary legislation as “log rolling” and is utterly condemned. To prevent such a dual submission the statute itself provides that any number of ordinances may be voted on at the same election.
 

 The Supreme Court of Kansas in Lewis v. Commissioners of Bourbon County, 12 Kan. 186, 213, in discussing the submission to the electorate of a dual proposition to be accepted or rejected, made the following well reasoned statement, which is pertinent here; “ * * * It may be conceded that two or more questions may be submitted at a single election, provided each question may be voted on separately, so that each may stand or fall upon its own merits. But that is a very different matter from tacking two questions together, to stand or fall upon a single vote. It-needs no argument to show the rank injustice of such a mode of submission. By it several interests may be combined, and the real will of the people overslaughed. By the combination an unpopular measure may be tacked on to one that is popular, and carried through on the strength of the latter. A necessary matter may be made to carry with it some private speculation for the benefit of a few. Things odious and wrong in themselves may receive the popular approval, because linked with propositions whose immediate consummation is deemed essential. It is against the very spirit of popular elections. That aims to secure freedom of choice, not merely between parties, but also in respect to every office to be filled, and every measure to be determined. * * * ”
 

 In Stern v. City of Fargo et al., 18 N.D. 289, 122 N.W. 403, 408, 26 L.R.A.,N.S., 665, the Supreme Court of North Dakota said: “ * * * The authorities are nearly unanimous to the effect that a proceeding by which two questions are submitted, when such questions or their subjects and purposes are not naturally related or connected, is invalid, and renders any election at which such questions have been so submitted invalid. * * * ” See also The Board of Supervisors of Fulton County v.
 
 *65
 
 Mississippi and Wabash Railroad Company, 21 Ill. 338; Village of Hempstead v. Seymour et al., 34 Misc. 92, 69 N.Y.S. 462; People ex rel. Toman v. Chicago Great Western R. Co., 379 Ill. 594, 41 N.E.2d 960; Town of Woodlawn v. Cain, 135 Ala. 369, 33 So. 149; Blaine et al. v. City of Seattle et al., 62 Wash. 445, 114 P. 164, Ann.Cas.1912D, 315.
 

 Since the election itself in the instant case would be invalid and of no effect because it would submit to the electorate a dual proposition, the proposed ordinance, if enacted by the electorate, would also be invalid and of no legal effect.
 

 In support of the exception of no cause of action, respondents urge that the writ of mandamus should not iss.ue commanding the city council to call such an illegal election, for the proposed ordinance, if it should be enacted at such illegal election, would be invalid; that under no circumstances should a writ issue commanding respondents to do an illegal act and a vain and useless thing.
 

 As a general proposition of law, the validity or constitutionality of an ordinance will not be determined or passed on by a court until the ordinance is adopted. In the instant case, however, relators seek by mandamus the right to have submitted to the electors an ordinance which, if .adopted, would be invalid. Under these circumstances, the validity of the ordinance should be determined by the court, and, if it is found, to be illegal or unconstitutional, the right to the writ of mandamus should be denied. This is the better and sounder doctrine, and has been recognized by text-writers and the courts of this country.
 

 “Mandamus may properly be refused where, if granted, it would be unavailing, or where the act to be performed would be illegal or impossible of performance,
 
 for the court will not compel the doing of a vain or unlawful thing. * * * ” Ferris, Extraordinary Legal Remedies (1926), sec. 204, p. 235.
 

 “ * • * * If the proposed ordinance would be void ‘mandamus will not lie to compel its examination and certification for the reason that the writ may not be used to compel the performance of an act which would 'have no effect in law.’ Where an ordinance would be invalid if approved by the electors, it has been held that the authorities cannot be compelled by mandamus to submit it to a vote. * * * ” 2 McQuillin, Municipal Corporations (2d rev. ed.), sec. 728, p. 801.
 

 “Mandamus will lie to compel the municipal council, or other proper corporate authorities to call and provide for an election required by law, where the duty is plain and no exercise of judgment or discretion is involved. This remedy as applied to election, to be effective in giving •the relief required, may be extensive in its scope, and include all of the several steps necessary to. be taken to provide the electorate a convenient way of expressing their, will on the matter submitted to them. But
 
 *67
 
 as stated and implied frequently herein mandamus will be denied if unavailing or where other remedy exists.
 

 “Only a few examples will be set out in the text, since the cases cited from numerous jurisdictions clearly and amply explain the legal principles controlling the remedy. The writ will lie to compel a city council to refer to the voters an amendment of an ordinance or a charter which had been proposed as prescribed by law.
 
 Where, however, it may be indicative to the court that the procedural steps, or the ordinance or amendment may be unlawful, unconstitutional or void, the court will deny the writ.
 
 * * * ” 6 McQuillin, op. cit supra, sec. 2724, pp. 867-869.
 

 State ex rel. Davies v. White et al., 36 Nev. 334, 136 P. 110, 111, 50 L.R.A.,N.S., 195, was a mandamus proceeding in which the relators sought to compel the city council of the City of Reno to submit a certain proposed ordinance to a vote of the electors in accordance with the initiative and referendum provisions of the act incorporating the city. In denying the writ, the court said: “The proposition that a writ of mandate will not issue to compel respondents to submit to the electors of the city a proposed ordinance that would be void even if approved by a majority of the electors is too clear for discussion or the citation of authorities. It remains only to consider whether the proposed ordinance would be valid if enacted. * * * ”
 

 In Myers v. Stringham et al., 195 Cal. 672, 235 P. 448, 449, the petitioner sought a writ of mandamus to compel the city clerk of Berkeley to examine and certify as sufficient a petition prepared and presented under the initiative provisions of the city charter, and also to compel the city council to adopt a proposed ordinance set forth in the petition, or, in the event the proposed ordinance was not adopted, to submit it to a vote of the electors of the city as provided by law. The court denied the relief sought, saying: “If, in any event, the proposed ordinance would be void, mandamus will not lie to compel its examination and certification, for the reason that the- writ may not be used to compel the performance of an act which would have no effect in law. * * * ” See also State ex rel. Asotsky et al. v. Regan, 317 Mo. 1216, 298 S.W. 747, 55 A.L.R. 773; State ex rel. Cranfill et al. v. Smith et al., 330 Mo. 252, 48 S.W.2d 891; McCarty et al. v. Jarvis et al., Tex.Civ.App., 96 S.W.2d 564.
 

 The trial judge sustained the exception of no cause or right of action on an entirely different ground. He rested his decision on the fact that Section 16 of Act No. 302 of 1910 established the budget system for administering the city’s fiscal affairs and granted the power of making up and controlling the budget exclusively to the commission council, and that necessarily the right of initiative and refer
 
 *69
 
 endum was not intended to encroach on the council’s authority in respect to the budget.
 

 It is unnecessary for us to express an opinion as to the correctness of his holding or to answer the arguments of appellants in this court attacking his opinion, since we have concluded that the exception of no cause or right of action should be sustained for the reason set out above— that is, because the submission of the ordinance to the electorate in its unaltered form would be a submission of a dual proposition. Moreover, if we should express an opinion as to the holding of the trial judge, anything which we should say would be based on the suppositions that similar petitions would again be circulated among the voters of the City of Shreveport, that a sufficient number of signatures, as required by the act, would be obtained thereto, that the city council would refuse to adopt such ordinances or submit them to the electorate of the city, and that the matter would again be submitted to this court for decision. Such expressions on our part would constitute an advisory opinion, and this court does not have jurisdiction to give such opinions. State ex rel. Day et al. v. Rapides Parish School Board, 158 La. 251, 103 So. 757; Graham et al. v. Jones et al., 198 La. 507, 3 So.2d 761.
 

 For the reasons assigned, the judgment appealed from is affirmed; relators-appellants to pay all costs.