No. 17,784.

CITY OF ROCKY FORD, ET AL. *v.* ROBERT J. BROWN, ET AL.

(293 P. [2d] 974)

Decided February 20, 1956.

ELIZABETH L. GUYTON, Mr. MYLES P. TALMADGE, Mr. ROBERT C. TALMADGE, for plaintiffs in error.

Messrs. LEE, BRYANS, KELLY & STANSFIELD, Mr. WILLIAM A. BRYANS, III, Mr. BRYANT O'DONNELL, Messrs. THULMEYER & STEWART, Mr. PERRY E. WILLIAMS, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

BY this writ of error a review is sought of a judgment favorable to defendants in error in an action in the nature of mandamus commenced by them as a statutory committee representing petitioners in presenting to the city council of Rocky Ford, a proposed franchise ordinance initiated by the people pursuant to the initiative and referendum laws of Colorado.

The initiative petitions which it is agreed were in proper form and contained the required number of signatures, were presented and properly filed on June 20, 1955 with the city clerk of Rocky Ford, a city of the second class and not a home rule city. The purport of the petitions so initiated was a request to the city council to adopt an ordinance granting to the Citizens Utilities Company an exclusive twenty-five-year franchise to operate a natural gas distribution system in the city, or, if said ordinance be vetoed by the mayor and then not passed over his veto, to submit the proposed ordinance to a vote of the qualified electors of the city at a special election to be held on August 30, 1955.

It is shown that the city attorney advised the council that the proposed ordinance would be invalid; further,

that it would be inconsistent with and contrary to the vote of the taxpaying electors at an election held on October 14, 1954, and would not be in conformity with the provisions of the constitution and laws of the state. The city council, following this advice, refused the request of the petitioners and this action in the nature of mandamus was filed July 21, 1955.

The petitions, after alleging the facts, the substance of which we have indicated, further alleged that defendants, being the municipal corporation, its mayor and council, were required under the statute, C.R.S. '53, 70-1-1, et seq., to take action on the petition as requested, and that their refusal was arbitrary, willful and without just cause. On ex parte application the trial court issued an order directed to defendants to show cause why a peremptory writ should not issue. Defendants moved to dismiss the petition for failure to state a claim upon which relief could be granted, and filed their answer denying that they were required to take the action prayed for, and that their act was not arbitrary. They further alleged that there was a cause now pending before this court concerning the validity of the election held in October 1954, and that any proceedings in the present case to submit the ordinance to a vote of the electors would be inconsistent and contrary to the vote as disclosed at the October 1954 election.

At this point it is well to note that the case referred to as pending here, No. 17,649, *Citizens Utilities Co. v. City of Rocky Ford,* 132 Colo. 427, 289 P. (2d) 165, was decided by this court on October 24, 1955, the opinion holding the election of October 14, 1954, to be invalid.

August 10, 1955, the trial court denied the motion to dismiss and at a final hearing entered judgment in favor of plaintiffs and directed defendants to proceed in accordance with the prayer of the petition.

█ The points raised by counsel for plaintiff in error in the summary of argument are without sufficient merit to warrant discussion; neither this, nor any other

court, may be called upon to construe or pass upon a legislative act until it has been adopted. The only exception to this rule is the constitutional provision authorizing the legislature to propound interrogatories to the supreme court upon important questions upon solemn occasions. (Const. Art. VI Sec. 3.)

 The position of plaintiffs in error before this court, and before the district court, is a request for an advisory opinion upon proposed legislation and in connection with which it had a plain statutory duty to perform. The ordinance was proposed pursuant to the initiative and referendum laws of the state, which when invoked by the people, as here, the council or representative body is supplanted by the people who are proposing to legislate for themselves. Whenever the provisions of the initiative and referendum laws are applied as here, to local and municipal affairs, the city or town clerk shall perform the duties specified, and upon failure to perform these mandatory duties, " * * * or shall refuse to submit any petition in the form presented for submission at any election * * *," is subjected to the penal provisions of the statute providing for a fine and imprisonment. C.R.S. '53, 70-1-19.

 It is plain that here, the city clerk, on advice of counsel, violated the provisions of the initiative and referendum laws, no doubt due to unfamiliarity with the provisions thereof, and not willfully and intentionally. No discretion rests with administrative officials to pass upon the validity of an act proposed by the people. The people in the exercise of their right to vote upon such proposal, wisely adopt or reject it. If they express their sanction and approval of the ordinance by their vote, and its enforcement is attempted by one whose rights are affected, then the courts are open to pass upon the question of its validity. In the first instance the proposed ordinance is clothed with the presumption of validity and its constitutionality will not be considered by the courts by means of a hypothetical question, but only

after enactment. *Denver v. Widom*, 90 Colo. 147, 7 P. (2d) 406; *Speer v. People*, 52 Colo. 325, 122 Pac. 768.

█ In the matter before us the duty of the clerk and city council was clear. It was not within their discretion to question the acts of their principal, the people.

The separation of governmental powers must be held inviolate, therefore the trial court or this court may not intrude upon the legislative powers through an advisory opinion.

It is clear from the provisions of the initiative and referendum act and the penalties provided thereby that the legislature has been careful and diligent to safeguard the primary right of the people to propose and enact their own legislation.

The judgment and order of the trial court was right and should be and is affirmed.