767 So.2d 790 (2000)
Philomenia JOHNSON, et al.
v.
Honorable Troy A. CARTER, et al.
No. 2000-CA-0029.
Court of Appeal of Louisiana, Fourth Circuit.
June 28, 2000.
Rehearing Denied August 15, 2000.
Writs Denied October 27, 2000.
Richard P. Ieyoub, Attorney General, Angie Rogers LaPlace, Assistant Attorney General, Baton Rouge, Louisiana, Mavis S. Early, City Attorney, Deborah L. Wilson, Chief Deputy City Attorney, New Orleans, Louisiana, Counsel for Defendants/Appellees.
William P. Quigley, New Orleans, Louisiana, and Louis L. Robein, Jr., Robein, Urann & Lurye, Metairie, Louisiana, and Mark Moreau, Charles Delbaum, Rowena Jones, New Orleans, Louisiana, Counsel for Plaintiffs/Appellants.
Court composed of Chief Judge ROBERT J. KLEES, Judge MOON LANDRIEU, Judge PATRICIA RIVET MURRAY.
MURRAY, Judge.
Plaintiffs appeal the denial of their petition for writ of mandamus seeking to have the members of the New Orleans City Council pass an ordinance that will enable a proposed change to the New Orleans Home Rule Charter to be put to a vote of the people. For the following reasons, we reverse the judgment denying the petition.

*791 FACTS:
Plaintiffs represent over twenty five thousand persons who signed a petition seeking to have the Home Rule Charter of the City of New Orleans amended to provide for a local minimum wage. According to the terms of the Charter, once the requisite number of registered voters sign a petition, the petition is to be presented to the City Council, which is to provide by ordinance that the proposed amendment be published at length in the official journal not less than sixty days prior to the election. The proposed amendment shall then be placed on the ballot of the next Congressional election ... or at a special election. Section 9-202(2), Charter of the City of New Orleans.
In the instant case, plaintiffs presented their properly signed and verified petition to the City Council, but the Council refused to pass the ordinance providing for the publication of the amendment. A petition for writ of mandamus was filed on May 12, 1997, seeking to compel the City Council to act. On May 21, 1997, the City Council filed an Exception of No Cause of Action in response to the petition, seeking a declaratory judgment on the issue of whether or not the amendment was constitutional prior to placing it on the ballot.
On June 18, 1997, the state legislature adopted Act 317 of 1997, enacting La.Rev. Stat. 23:642, prohibiting a local government from establishing a minimum wage. The effective date of the statute was August 15, 1997.
The trial court rendered judgment on June 24, 1997, denying plaintiffs' writ of mandamus, and dismissing the City Council's suit for declaratory judgment. In written reasons for judgment, the trial court opined that the enactment of La.Rev. Stat. 23:642 was proper pursuant to the State's police powers under La. Const. Art. VI, § 9. Further, because an election would not be possible until after the effective date of the statute, the issue of the election would be moot. The trial court stated that "[u]ntil such time as R.S. 23:642 is repealed or appropriately amended, the City of New Orleans should not be obligated to bear the expense of an election and advertisement as the proposed charter change would not have any affect [sic]."
On appeal, this Court affirmed the denial of the writ of mandamus, vacated the portion of the judgment dismissing plaintiffs' suit, and remanded the matter to the trial court for the plaintiffs to specifically plead the unconstitutionality of La. Rev.Stat. 23:642, to notify the attorney general, and to fully litigate the issue of the statute's constitutionality. Johnson v. Carter, 97-1800 (La.App. 4 Cir. 3/4/98), 707 So.2d 1366, writ denied 98-0908 (La.5/8/98), 719 So.2d 56..
On May 10, 1999, plaintiffs filed an amended and supplemental petition for writ of mandamus, requesting service on the state attorney general's office. After trial, the trial court again denied plaintiffs' writ because it found that La.Rev.Stat. 23:642 is constitutional.

DISCUSSION:
In State ex rel. Bussie v. Fant, the Supreme Court stated that: "As a general proposition of law, the validity or constitutionality of an ordinance will not be determined or passed on by a court until the ordinance is adopted." 216 La. 58, 43 So.2d 217 (La.1949). In Javers v. Council of City of New Orleans, 351 So.2d 247 (La.App. 4 Cir.1977), this court, as had the Supreme Court in Bussie, held that the denial of a writ of mandamus was appropriate where proposed legislation was invalid on its face. This court noted, however, that the City Council cannot refuse to submit a referendum which it might think unconstitutional. If there is any doubt that the substance of a proposal might be valid, the council cannot decline to submit the matter to a referendum. Id. at 249.
La.Rev.Stat. 23:642, which prohibits local governments from establishing a minimum wage, renders the proposed amendment *792 to the Home Rule Charter invalid on its face. If this statute is applicable to the City of New Orleans, under Bussie and Javers, the City Council could not be made to place the referendum on a ballot. If, however, there is any question as the validity of the proposed referendum, the council cannot refuse to put it to a vote.
Although the City of New Orleans is a local governmental entity with a home rule charter in effect prior to 1974, to which La. Const. Art. VI, § 4 is applicable, the trial court reasoned that any amendment to the Home Rule Charter, which was silent on the issue of minimum wages, would be governed by La. Const. Art. VI, § 9. The court recognized that but for La. R.S. 23:642, the City could exercise its police powers to regulate minimum wage. However, because the statute was enacted prior to a vote on the proposed change to the Home Rule Charter, the court found that the state could exercise its police powers pursuant to La. Const. Art. VI, § 9. We disagree.
Home Rule Charters in effect when the Louisiana Constitution of 1974 was ratified remained in effect by virtue of La. Const. Art. VI, § 4, which provides:
Section 4. Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified or repealed as provided therein. Except as inconsistent with this constitution, each local government subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.
In City of New Orleans v. Bd. of Comm'rs of Orleans Levee Dist., 93-0690, (La.7/5/94), 640 So.2d 237, 248, the Court explained that Section 4 explicitly retains all local governmental powers in effect under the home rule charters when the 1974 Constitution was adopted. Additionally, Section 4 grants to all pre-existing home rule charter cities the power to amend their charters by the methods provided for in the charter. This provision indicates that those local governments may add powers and delete limitations upon their powers, except as inconsistent with the 1974 Constitution.
The plain wording of Art. VI, § 4 of the 1974 Constitution casts doubt upon the state's ability to "trump" the proposed amendment to the City's Home Rule Charter to provide for a minimum wage by enacting legislation that prohibits same. In Board of Commissioners, the Court explained that Section 4 of Article VI cannot be construed without absurdity to permit the legislature to supersede the ordinances of the [City of New Orleans (CNO)] simply by enacting an inconsistent general state law, ..."
Because the question of whether La. Rev.Stat. 23:642 is applicable to the City of New Orleans has not been answered, the proposed amendment to the City Charter providing for a minimum wage is not invalid on its face. It, therefore, should be placed on the ballot. If a majority of the voters approve the amendment, it can be challenged in the courts. Accordingly, we reverse the judgment of the trial court, and remand this matter for the writ of mandamus to issue.
REVERSED AND REMANDED.
LANDRIEU, J., concurs.
LANDRIEU, J., concurring.
I concur in the well reasoned opinion of the majority, but offer these comments for emphasis only.
Democracy is not always neat and, when it is exercised through a citizen's initiative, it can be costly and possibly misguided. Those, however, are not valid reasons for the City Council to refuse to place before the electorate a proposed amendment to *793 the City Charter that has been properly submitted by petition.
Sound public policy suggests that a procedurally correct action to change the City Charter be permitted to run its course before the judiciary decides the constitutionality of the proposition, whether that action is originated by the City Council or by petition.
Should the electorate reject the amendment, the question of its constitutionality will be moot. Should the electorate adopt the amendment, the opponents will have ample time to challenge its constitutionality in the courts before the amendment becomes effective.
Once adopted, legislative acts and councilmanic ordinances are regularly challenged in court, but rarely should the courts interfere in the legislative process by deciding, before adoption, that a proposed act, ordinance or proposition would be unconstitutional if adopted.