Dear Ms. Kattengell:
We have been requested to revisit and/or clarify Attorney General Opinion Nos. 02-0267 and 02-0267-A concerning several sections of the St. Bernard Parish Home Rule Charter (Charter) and their application to three propositions relating to tax revenues.
The St. Bernard Parish Government, acting through the St. Bernard Parish Council (Council), adopted several resolutions accepting from parish employees propositions calling for elections pursuant to the initiative and referendum provisions of Section 6-01 of the Charter. The three propositions may culminate in the holding of elections to authorize additional millage taxes to provide for (i) increasing salaries of firefighters and providing for improvements to the fire protection facilities in St. Bernard Parish (ii) increasing salaries for Public Works employees and (iii) increasing salaries for Water and Sewer Department employees.
Opinion No. 02-0267 addressed the issue of whether the three propositions complied with the Constitution, State law and the Charter. We concluded that the propositions and tax millage elections are not inconsistent with, or prohibited by, the Constitution and/or general State law. We further opined that since the propositions were designed "to change the salaries of parish government officers or employees" they were prohibited from being presented through the initiative process by Section 6-01 of the Charter.
Subsequent to the release of Opinion No. 02-0267, additional information was presented to this office along with a request to reconsider our opinion that Section 6-01 prohibited the propositions in question. After considering this information, we issued Opinion No. 02-0267-A which held that the propositions merely provided a source of tax revenue for the governing authority to fund pay increases and other departmental measures. Accordingly, since they did not, in and of themselves, "change the salaries of parish government officials or employees," the three propositions could be considered by way of initiative pursuant to Section 6-01.
Opinion No. 02-0267 also held that Sections 2-17(e) and 6-01 of the Charter must be read in pari materia to require a two-thirds vote of the Council in order to place the tax propositions on the ballot, even if the propositions are initiated pursuant to Section 6-01. We have been requested to reconsider our position on this issue.
Section 6-01 provides, in pertinent part, as follows:
 The electors of the parish shall have the power, except as herein restricted, to propose to the council passage or repeal of ordinances and to vote on the question if the council refuses action. This power shall not extend to the proposing or repealing of ordinances making or reducing the appropriation of money, to the repeal or reduction of the levy of any taxes, or to the change of salaries of parish government officers or employees.
Section 2-17 provides in pertinent part as follows:
 (a) The power to perform any service or provide any facility granted to the parish government by this Charter or by the constitution, statutes, and laws of the State of Louisiana shall in all cases carry with it the power to levy taxes and to borrow money within the limits and in accordance with procedures prescribed by the constitution, statutes, and laws of the State of Louisiana. The council shall have, and is hereby granted, all of the authority to levy and collect taxes, to incur debt, and to issue bonds and other evidences of indebtedness as is now or hereafter conferred on governing authorities of parishes by the constitution, statutes, and laws of the State of Louisiana, or as may be hereafter specially conferred by the electors of the parish.
 * * * (c) All proposals to levy property taxes in excess of that authorized by the constitution to be levied without a vote of the people shall be submitted to the voters for approval in accordance with the election laws of the State.
 * * * (e) All tax proposals requiring a vote of the electors must be approved by the favorable vote of at least two-thirds (2/3) of the total membership of the council prior to submission of the proposals to the voters.
The basic tenets of statutory construction and interpretation which apply to the Charter are found in the Louisiana Civil Code and Title 1 of the Louisiana Revised Statutes. These tenets are applicable not only to State statutes, but also to municipal and parochial ordinances. Liberto v.Rapides Parish Police Jury, 667 So.2d 552 (La.App. 3rd Cir. 1995), rehearing denied. These provisions are set forth in Opinion No. 02-0267. We find the following articles of the Civil Code to be of particular relevance to the issue before us:
Art. 10. Language susceptible of different meanings
 When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
Art. 13. Laws on the same subject matter
 Laws on the same subject matter must be interpreted in reference to each other.
In general, the initiative procedure, in the case of municipal legislation, is defined as the "[i]nitiation of municipal legislation and its enactment or rejection by the municipal electorate in the event the proposed measure is not acted upon by their elected representatives." McQuillin Mun. Corp. § 16.52. (3 superrd Ed). It is defined by Black's Law Dictionary, Sixth Edition, as "An electoral process whereby designated percentages of the electorate may initiate legislative or constitutional changes through the filing of formal petitions to be acted on by the legislature or the total electorate. The power of the people to propose bills and laws, and to enact or reject them at the polls,independent of legislative assembly." (Emphasis added.) Attorney General Opinion No. 00-209.
The provisions of the Charter should be construed in a manner which harmonizes and reconciles each with the other if possible. In re FirstColumbia Life Insurance Company, 724 So.2d 790 (La.App. 1st Cir. 1998). However, they must also be construed to carry out the spirit and purpose for their enactment so as to produce a reasonable result. Broussard v.F.A. Richard and Associates, Inc., 732 So.2d 578 (La.App. 3rd Cir. 1999), writ denied.
As noted above, the initiative procedure is an electoral process whereby a designated percentage of the electorate may initiate legislative or constitutional changes through the filing of formal petitions. It is specifically designed to empower the people to propose laws and to enact or reject them at the polls independent of thelegislative body, which in this case is the Council.
The initiative and referendum procedures specified in Section 6-01 of the Charter do not call for a super majority vote of the Council in a submission of an initiative proposition supported by the requisite number of signatures. To require same would impede, if not defeat, the initiative process. Johnson v. Carter, 767 So.2d 790 (La.App. 4th Cir. 2000), writ denied.
Accordingly, it is the opinion of this office that a two-thirds vote of the Council is not required for the three initiative propositions to be placed on the ballot. Attorney General Opinion Nos. 02-0267 and 02-0267-A are hereby modified in this regard.
Should you have any additional questions concerning these matters, please do not hesitate to contact me.
With kindest regards, I am,
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________ Robert E. Harroun, III Deputy Attorney General
REH:ggj
DATE RELEASED: January 14, 2003