In our opinion, the motion for new trial was properly overruled.

The conviction and sentence of defendant are affirmed.

O'NIELL, C. J., dissents from the ruling on bills Nos. 1, 2, and 3.

145 So. 12

## THARP v. EDMISTON.

No. 32093.

Nov. 28, 1932.

Benjamin Y. Wolf, of New Orleans, for appellant Wm. P. Hickey.

H. W. & H. M. Robinson, of New Orleans, for appellee James H. Tharp.

Frank W. Hart, of New Orleans, for civil sheriff.

ROGERS, J.

James H. Tharp foreclosed certain mortgages granted by S. V. Edmiston, and at the foreclosure sale became the purchaser of the mortgaged properties. Tharp, the adjudicatee, then took a rule on W. P. Hickey, recorder of mortgages for the parish of Orleans, requiring him to show cause why he should not erase from the records of his office the inscriptions of eight alleged junior mortgages bearing against the properties sold in the foreclosure proceeding. Plaintiff in rule also asked "that the bidders (meaning, we take it, the holders) of said encumbrances and the Civil Sheriff be made parties" thereto.

A number of persons accepted service of the rule, without designating or describing the mortgages held by them. None of these persons appeared at the trial, but the recorder of mortgages was present and filed an answer in which he set up the invalidity of the seizure on the authority of which the sale of the mortgaged properties was made.

The rule was made absolute, and, accordingly, the recorder of mortgages was ordered to erase from his records the inscriptions of the eight junior mortgages therein described. Not being satisfied with the judgment, the recorder of mortgages appealed, and the appellee has moved to dismiss the appeal on the ground that appellant has no appealable interest.

Appellant, in answer to appellee's contention, avers that he has an appealable interest, because in his official capacity as recorder of mortgages he is a necessary party to the proceeding; that, if he makes an improper or invalid erasure, he may be held liable on his bond; that the inscriptions cannot be legally erased, as there was never any valid seizure of the property sold, the requirements of sections 3626, 3627, and 3628, Rev. St., not having been complied with; and that there is nothing in the record to show that the persons who accepted service of appellee's rule are the holders of the mortgages sought to be canceled.

A summary proceeding against the recorder of mortgages, either by mandamus or by rule to show cause, is the appropriate proceeding by which to compel the cancellation of a mortgage or other incumbrance that has been judicially ordered, or ought to be canceled. Cappel v. Hundley, 168 La. 15, 121 So. 176. And in such proceedings all that the courts require is that the parties in interest should have notice of the application in order that their rights, where they have such, may be protected. Savage v. Holmes, 15 La. Ann. 334.

If in this case the holders of the junior mortgages were properly notified of appellee's application for their cancellation, so as to enable them to protect their rights, appellant's interest would seem to have ended with the judgment ordering the cancellation. But appellant contends such is not the case, and the record is entirely lacking in proof that the persons who accepted service of appellee's rule are the holders of the mortgages sought to be canceled. This contention is one that goes to the merits of the case, and its correctness cannot be determined on a rule to dismiss the appeal.

For the reasons assigned, the motion to dismiss the appeal herein is denied.

O'NIELL, C. J., concurs on the ground that the recorder has an absolute right to appeal from a judgment ordering him to cancel a mortgage.