17 So.2d 1

## HEBERT v. MILLER (CORBELLO, Intervenor).

No. 37149.

Feb. 7, 1944.

R. H. Van Norman, of Lake Charles, for plaintiff and appellant.

Thomas F. Porter and Charles C. Jaubert, both of Lake Charles, for defendant and appellee.

ODOM, Justice.

Shelby A. Corbello was burned to death while incarcerated in a wooden jail built, maintained, and operated by the Parish of Cameron. His widow, Mrs. Rosa Corbello, brought suit against the Police Jury of Cameron Parish on her own behalf and as tutrix for her two minor children, issue of her marriage with Shelby A. Corbello, to recover damages resulting from what was alleged to be the negligent acts of the Police Jury of Cameron Parish and its officers.

The suit was authorized by Act No. 275 of 1942. Section 1 of that act authorized Mrs. Corbello to file suit personally and as tutrix of her minor children, "upon their claim for damages resulting from the accidental death of Shelby Corbello, alleged to have occurred on November 15, 1940 by the negligence of said Police Jury and its employees."

Section 2 of the act provides that "suit may be instituted before the District Court for the Parish of Cameron, where the accidental death and damages are alleged to have occurred; * * * said suit to be carried on the same as other civil suits,

and should a final judgment be rendered in said suit against the Police Jury, such judgment shall be satisfied and paid by the Police Jury of Cameron Parish out of its own funds."

Section 3 of the act reads as follows:

"That the Police Jury for the Parish of Cameron is hereby authorized to settle the claim of the said Rosa Corbello and her minor children by compromise and payment of the compromise from the funds of said Police Jury."

After the suit was filed but before judgment was rendered, the Police Jury of Cameron Parish adopted a formal resolution authorizing the settlement of the above suit against it for the sum of $5,500, and directing Clarence A. Miller, parish treasurer, to pay said claim out of the general funds of the parish, and authorizing Benson Vincent, president of the police jury, to sign and approve the act of compromise and to do all acts necessary to bring the litigation to an end.

Thereafter, the plaintiff, who is a resident of the Parish of Cameron and a taxpayer, brought the present suit to prohibit Clarence A. Miller, treasurer of the Police Jury of the Parish of Cameron, from "paying out of the general funds of the Parish of Cameron the sum of $5,500.00, or any other sums, in full settlement and compromise of any claim which the said Mrs. Shelby A. Corbello might have against the Police Jury of the Parish of Cameron for the accidental death of her husband, Shelby A. Corbello, all as authorized under Act No. 275 of the Legislature of the State of Louisiana for the year 1942 and as authorized under the resolution of the Police Jury * * *".

As a cause of action, plaintiff alleged that the police jury did not have authority to pass the resolution above referred to for the alleged reason that Act No. 275 of 1942 is unconstitutional, in that it violates certain specific provisions of Section 4, Article IV of the Constitution of 1921. That section of Article IV provides that "The Legislature shall not pass any local or special law on the following specified subjects." The "specified subjects" are enumerated in 21 separate paragraphs. The "specified subjects" which plaintiff alleged are violated by Act No. 275 of 1942 are as follows:

"Regulating the practice or jurisdiction of any court, or changing the rules of evidence in any judicial proceeding or inquiry before courts, or providing or changing methods for the collection of debts or the enforcement of judgments, or prescribing the effects of judicial sales."

"Concerning any civil or criminal actions."

"Giving effect to informal or invalid wills or deeds, or to any illegal disposition of property."

"Legalizing the unauthorized or invalid acts of any officer, servant or agent of the State, or of any parish or municipality thereof."

The suit was brought against Clarence A. Miller, parish treasurer of Cameron Parish, to prohibit him from paying the

·claim. ' Mrs. Corbello, a party to the compromise agreement, intervened in the suit. She joined Miller, the parish treasurer, and ·opposed plaintiff's suit. She and Miller ·excepted to plaintiff's petition on the ground that it set out no right or cause of action. These exceptions were sustained by the trial judge, and plaintiff's suit was ·dismissed at his costs. From this judgment plaintiff appealed.

If Act No. 275 of 1942 is constitutional, then the plaintiff has no cause or right of action. The trial judge, for reasons set out in his written opinion, held that the adoption of Act No. 275 of 1942 was not prohibited by those special provisions set out in Section 4, Article IV of the Constitution, on which plaintiff relies, which special provisions we have copied hereinabove.

We think the ruling of the trial judge was correct. Counsel for plaintiff filed no brief in the district court. He has filed no brief in this court, nor did he appear and ·argue the case orally. He seems to have abandoned the case.

. Act No. 275 of 1942 is not a local or special law which regulates the practice or jurisdiction of any court; it does not change the rules of evidence in any judicial proceeding or inquiry before courts; it does not change the method of collection of debts or the enforcement of judgments, or prescribe the effects of judicial sales; it does not concern any civil or· criminal actions; it does not give effect to informal or invalid wills or deeds or to any illegal disposition of property, nor does it ·legalize the unauthorized acts of any officer, servant, or agent of the state or of any parish or municipality. It is simply an "act" of the Legislature by which the State authorized, or consented to, the bringing of a suit against the Parish of Cameron, one of its subdivisions and instrumentalities of state government, and authorized the police jury to pay the claim out of the general fund of the parish.

It is not charged in plaintiff's suit that the act involved violates any provisions of the Constitution other than those specifically set out in the petition, which provisions we have copied hereinabove.

The judgment is affirmed.