28 So.2d 267

CARRERE v. REDDIX et al.

No. 38266.

Nov. 12, 1946.

Benjamin Y. Wolf, of New Orleans, for defendant-appellant.

J. C. Henriques and Charles J. Rivet, both of New Orleans, for plaintiff-appellee.

KENNON, Justice.

In a suit against Eugene Reddix and other defendants, including W. P. Hickey, who was sued in his official capacity as the Recorder of Mortgages for the Parish of Orleans, plaintiff obtained judgment annulling an act of sale executed by Reddix to plaintiff; reinstating a mortgage against the property sold; recognizing plaintiff's subrogation to the rights of the mortgage creditor, whose obligation was paid at the time of the sale; ordering the sale of the property under the re-established mortgage and condemning Eugene Reddix to return the purchase price, subject to credit of the proceeds from the ordered sale of the mortgaged property.

The Recorder of Mortgages was the only defendant who took an appeal.

The case is now before us on plaintiff's motion to dismiss this appeal of the Recorder of Mortgages on the ground that he is not in fact affected by the judgment, and for the further reason that he failed to furnish an appeal bond to support his appeal.

The Recorder of Mortgages is under an important duty to protect the public generally in preserving the integrity of the official records of his office. His duty in a judicial proceeding involving the records in his office is to maintain the official action

he deems necessary, legal, and proper, in the protection of the rights of property involved. This duty is to all parties at interest, whether or not they be parties to a particular suit.

■ This Court, in the cases of Tharp v. Edmiston, 175 La. 1075, 145 So. 12 and Succession of Burg, 194 La. 985, 195 So. 513, declined to dismiss the appeals taken by the Recorder of Mortgages from judgments directing the cancellation of mortgages. Counsel for mover, in brief, endeavor to distinguish the Edmiston case from the case at bar and placed in their brief the following quotation from that case:

"If in this case the holders of the junior mortgages were properly notified of appellee's application for their cancellation, so as to enable them to protect their rights, appellant's (Recorder of Mortgages') interest would seem to have ended with the judgment ordering the cancellation." (Parenthesis ours.)

We have examined that case and find that the concluding sentence of the paragraph containing the above quotation is:

"* * * This (the question of whether the holders of the junior mortgage were notified) is one that goes to the merits of the case, and its correctness cannot be determined on a rule to dismiss the appeal." (Parenthesis ours.)

Hence, the case remains as authority for the proposition that the Recorder of Mortgages has the right to maintain an appeal, even though his interest is only that of sustaining his interpretation of his duties of office in matters affecting property in which he has no personal interest.

■ Counsel for plaintiff in the present case notes that the judgment appealed from does not in so many words order the Recorder of Mortgages to reinstate the original mortgage nor specifically direct him to make an entry voiding the cancellation. We deem this distinction unimportant. The Recorder was sued and served as a party defendant. The judgment affects records in his possession by directing that the mortgage " * * * and the recordation thereof as made in Book 1626, Folio 315 of the Mortgage Office for the Parish of Orleans be reinstated with the same force and effect as though said obligation and inscription had never been released and cancelled." The Recorder of Mortgages has been held to be a party sufficiently at interest to take an appeal from a judgment directing the cancellation of a mortgage in which he has no personal interest. It follows logically that he would be equally at interest to take an appeal from an order directing the reinstatement of a mortgage previously cancelled.

Mover herein contends that Act No. 274 of 1914, which relieves the Recorder of Mortgages of the Parish of Orleans from

the necessity of furnishing judicial bond or advancing costs is in violation of the "due process" and "equal protection" clauses of the federal and state constitutions and that the act, if otherwise valid, was not legally enacted because it falls within the constitutional definition of a "local law" and advance publication was not made of its proposed introduction.

■■ The office of Recorder of Mortgages of the Parish of Orleans was recognized by the Constitution of Louisiana, Section 89, art. VII. The State Legislature has relieved public boards from the necessity of advancing or paying court costs. Act No. 135 of 1936. The act under attack is of a similar nature. It limits the Recorder's privilege of litigating without advancing or paying costs or furnishing bond to proceedings instituted by or against him in his official capacity. Its adoption confers no special privileges, nor is a statute regulating the duties of such an office a local law within the meaning of the constitutional provisions requiring advertisement in the community to be effected for 30 days prior to its introduction in the Legislature. Williams, Criminal Sheriff, v. Guerre, 182 La. 745, 162 So. 609 and Herbert v. Miller, 205 La. 105, 17 So.2d 1.

The motion to dismiss the appeal is denied.

O'NIELL, C. J., dissenting.