30 So.2d 432

**CARRERE v. REDDIX et al.**

No. 38266.

April 21, 1947.

Benjamin Y. Wolf, of New Orleans, for defendant and appellant.

J. C. Henriques and Chas. J. Rivet, both of New Orleans, for plaintiff and appellee.

McCALEB, Justice.

By an authentic act dated October 15, 1945, Eugene Reddix sold certain real estate situated on White Street in the city of New Orleans to Edouard C. Carrere for $3,150 cash. At the time of the sale, there was a first mortgage resting upon the property and Carrere used $1,412.25 of the purchase price to pay the mortgage debt which was released by the creditor and, pursuant to which, the inscription of said mortgage was cancelled on the records of the Mortgage Office for the Parish of Orleans.

Subsequently, it was discovered that Reddix did not own the whole of the property inasmuch as it had been acquired during his first marriage and his first wife died leaving issue of the marriage. Upon being informed of this, Reddix readily consented to make amends but, unfortunately, he was financially unable to restore the purchase price. In these circumstances, Carrere filed the instant suit against Reddix and the children of his first marriage, seeking the annulment of the act of sale; reinstatement of the mortgage against the property; the return of the purchase price and interest; recognition of legal subrogation to the rights of the former mortgage creditor of Reddix and an order for the sale of the property under the reinstated mortgage to satisfy the amount thereof. In addition to Reddix and his children, Carrere impleaded W. P. Hickey, the Recorder of Mortgages, as a defendant.[1]

In the trial court, Reddix conceded that Carrere was entitled to relief and adequate

[1] Counsel for Carrere assert in the brief that the Recorder of Mortgages was joined as a defendant "merely to comply with the jurisprudence requiring him to be made a party to such proceeding. Nelson v. Stewart, 173 La. 203, 214, 136 So. 565; Henderson Iron Works & Supply Co. v. Jeffries, 159 La. 620, 626, 105 So. 792; Hobgood v. Schuler, 44 La.Ann. 537, 10 So. 812."

proof of the allegations of the petition was submitted on the issue joined by the attorney who was appointed by the Court to represent the absentee major and minor children of Reddix. In fact, the only difficulty encountered by Carrere in the District Court came from the Recorder of Mortgages who vigorously challenged his right to have the mortgage reinstated. The only relief prayed for by Carrere against the recorder was that he be ordered to reinstate the mortgage as originally inscribed in Book 1626, Folio 315.

After the hearing, the District Judge granted Carrere's demands against Reddix and his children but did not order the recorder to reinscribe the original mortgage as prayed for in the petition. Despite the silence of the judgment as to him, the recorder prosecuted an appeal to this Court.

After the matter was lodged here, Carrere moved to dismiss the appeal on the ground that the recorder was without interest inasmuch as he was not affected by the judgment. This motion to dismiss the appeal was overruled. See 210 La. 776, 28 So.2d 267.

■ After having the benefit of oral argument in the case on submission for decision on its merits, we have become convinced that, since the judgment appealed from does not require the Recorder of Mortgages to perform any act or otherwise affect him in the execution of his duties, his appeal must be dismissed. The only portion of the judgment of the District Court which might possibly be said to have any bearing at all on the recorder reads as follows: "It is further ordered, adjudged and decreed that the mortgage granted by Eugene Reddix by act before Lester J. Lautenschlager, Notary Public, on October 7, 1941, and the recordation thereof as made in Book 1626 Folio 315 of the Mortgage Office for the Parish of Orleans be reinstated with the same force and effect as though said obligation and inscription had never been released and cancelled."

■ Counsel for the recorder professes that the foregoing order is tantamount to a command that the recorder reinscribe the mortgage which he had previously cancelled in accordance with his mandatory duty provided by Article 3374 of the Civil Code. This concept of the effect of the order results, we think, from the mistaken premise that it is within the province of the Recorder of Mortgages, rather than the Court, to reinstate a mortgage and its recordation. The Recorder of Mortgages may be ordered to reinscribe a cancelled mortgage upon his records but it is the function of the Court to reinstate it. In this instance, the Judge has ordered the reinstatement of the mortgage and its recordation in Book 1626, Folio 315 of the Mortgage Office. The Recorder has not been ordered to reinscribe it or to perform any act in relation to it.

Of course, if the Recorder was seriously contending that the reinstatement of the recordation of the mortgage might cause him to be rendered liable under Article 3394 of the Code, for damages because he had issued clear mortgage certificates in the name of Reddix subsequent to the cancellation of the mortgage and before the recordation of a lis pendens by Carrere, it could be said that he had an appealable interest as he might be affected by the decree.. However, while counsel does advert to such a possibility in his brief, there is no showing whatever that there is any basis in fact for the statement.

In our previous opinion, we relied on the cases of Tharp v. Edmiston, 175 La. 1075, 145 So. 12 and Succession of Burg, 194 La. 985, 195 So. 513, as authority for declining to dismiss the appeal of the Recorder of Mortgages. A careful analysis of those opinions reveals that they are not apposite to the instant case for the reason that, in each of those matters, the Recorder of Mortgages was appealing from a judgment ordering him to cancel a mortgage, whereas, here, the judgment does not order him to perform any act whatever or otherwise affect him in any way. The statement in our former opinion to the effect that Tharp v. Edmiston is authority for the proposition that the Recorder of Mortgages has the right to maintain an appeal "even though his interest is only that of sustaining his interpretation of his duties of office in matters affecting property

in which he has no personal interest" is not borne out by a reading of the opinion in that case.

The appeal is dismissed.