35 So.2d 738

FOUCHAUX v. BOARD OF COM'RS OF PORT OF NEW ORLEANS.

No. 38464.

April 26, 1948.

Porteous & Johnson and Parnell J. Hyland, all of New Orleans, for plaintiff-appellant.

Eldon S. Lazarus and Emero S. Stiegman, both of New Orleans, for defendant-appellee.

PONDER, Justice.

The plaintiff brought suit against the defendant, a state agency, seeking to recover damages in the amount of $15,000.00 for personal injuries which he received while in the employment of a sub-lessee of the defendant. The suit is brought under authority granted to the plaintiff by Act No. 365 of 1946. The constitutionality of the act was attacked and the lower court decreed it to be unconstitutional for the reason that the effect of the judgment that might be rendered was not provided for, in violation of Article 3, Section 35 of the Constitution, and dismissed the plaintiff's suit. The plaintiff has appealed to this Court. The defendant moves to dismiss the appeal on the ground that this Court is without jurisdiction to entertain the appeal.

The defendant takes the position that, this being a suit for personal injuries, the exclusive jurisdiction of the appeal is vested in the Court of Appeal for the Parish of Orleans. The defendant contends that Act No. 365 of 1946 is not a law within the purview of Article 7, Section 10 of the Constitution which gives this Court exclusive jurisdiction when a law of the State has been declared unconstitutional. The defendant relies on the holding in the cases of Durbridge v. State, 117 La. 841, 42 So. 337; Lewis v. State, 196 La. 814, 200 So. 265; Hebert v. Miller, 205 La. 105, 17 So. 2d 1; and Lewis v. State, 207 La. 194, 20 So.2d 917. The cases cited are authority to the effect that acts of the Legislature authorizing suits against the State are not special or local laws within the purview of Article 4, Section 6 of the Constitution in the sense that notice would have to be given before their enactment. The later Lewis case and the case of Jefferson Lake Sulphur Company v. State of Louisiana, 213 La. 1, 34 So.2d 331, which was handed down on December 15, 1947, are authority that the Legislature may authorize suit against the State by resolution.

In a number of cases this Court has referred to acts of the Legislature granting authority to sue the State as special acts. It is of no particular moment whether the authority is granted by a special act or by a resolution of the Legislature. In either instance it would be a solemn expression of legislative will and

have the binding effect of law. Law is defined by Article 1 of the Revised Civil Code as being a solemn expression of legislative will. When the authority is granted by the Legislature it is as binding on the courts of this State and the parties affected thereby as any law that might be enacted by the Legislature. The framers of the Constitution undoubtedly contemplated that the authorization to sue the State should have the binding effect of law for the reason that the law-making body only has been vested with the power to authorize such suits and the Constitution has placed a restriction on this power by requiring the Legislature to provide the method of procedure and the effect of the judgments. This Court has consistently entertained jurisdiction in all cases where acts of the Legislature granting authority to sue the State have been declared unconstitutional by the lower courts, irrespective of where the appeal would otherwise lie, and in the two aforementioned cases where the grant of authority to sue the State were considered as resolutions of the Legislature. We see no reason to depart from our prior jurisprudence at this late date. It might be suggested that this question has not been previously raised, but this would not change the situation because this Court must take cognizance of its own jurisdiction. Whether the authority is granted by special act or by resolution of the Legislature it must be considered a law within the contemplation of Article 7, Section 10 of the Constitution which gives this

Court exclusive jurisdiction when a law of this State has been declared unconstitutional.

For the reasons assigned, the motion to dismiss is denied.

O'NIELL, C. J., concurs in the decree.