354 So.2d 695 (1978)
GULF SOUTH BANK AND TRUST COMPANY
v.
Francis J. DEMAREST, Recorder of Mortgages.
GULF FEDERAL SAVINGS AND LOAN ASSOCIATION OF JEFFERSON PARISH
v.
Francis J. DEMAREST et al.
SECURITY HOMESTEAD ASSOCIATION
v.
Francis J. DEMAREST et al.
DELTA INVESTMENTS OF NEW ORLEANS, INC.
v.
Francis J. DEMAREST et al.
Nos. 8587-8590.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1978.
*696 Steven R. Plotkin, New Orleans, for Mr. and Mrs. Jack J. Weiss.
Nicholas J. Gagliano, Mmahat, Gagliano, Duffy & Giordano, Metairie, for Gulf Federal Sav. and Loan Ass'n of Jefferson Parish.
Edmond G. Miranne, Miranne & Miranne, New Orleans, for Security Homestead Assn.
Francis J. Demarest, Recorder of Mortgages in pro per.
Before REDMANN, SCHOTT and BEER, JJ.
REDMANN, Judge.
Mr. and Mrs. Jack J. Weiss appeal from a judgment which declared fraudulent and null, and ordered erasure of, cancellations of mortgages. The mortgages affected the home the Weisses bought at a time when the fraudulent cancellations made it appear that the property was freed of those mortgages. We affirm.
Because this matter began as a mandamus proceeding, we first note that Caumont v. Hickey, La.App.Orl.1936, 165 So. 488, 491, held mandamus unavailable; Caumont reasoned that to "erase the cancellation" is not a "ministerial duty" (see La.C.C.P. 3863) because the cancellation was itself a ministerial duty under C.C. 3374. However, in our case no party excepted to the unauthorized use of summary procedure and therefore that objection to the form of procedure is waived; C.C.P. 926. Zimmer v. Fryer, 1938, 190 La. 814, 183 So. 166, shows that the substance of the relief sought is available in an ordinary proceeding (although the recorder was not there a party). See also Carrere v. Reddix, 1947, 211 La. 566, 30 So.2d 432, dismissing for lack of interest the Recorder's appeal from a judgment "reinstating" a cancelled mortgage. We hold the objection to mandamus waived.
We also dispose preliminarily of the homeowners' argument that "between two equally innocent parties, a burden should fall upon the party more able to bear it." Counsel asserts that this is "well settled legal doctrine" but cites, and we find, no supporting authority. Such a doctrine might deprive appellants of their home if a forger sold it to a buyer poorer than they and thus less able to bear the loss. One bears a burden under our laws because of one's contract (or quasi-contract) undertaking the burden, or because the law imposes the burden, as to repair damage caused by one's fault or by persons or things under one's control. Absent contractual or delictual liability, that one is wealthy does not oblige one to shoulder another's loss.
Appellants also suggest that we hold the Recorder of Mortgages liable "for failure to take such steps as would discourage or eliminate such fraudulent cancellations as have caused this heavy burden." This we cannot do because appellants have not sued the recorder. The approach commends itself to the Legislature because it would, by insurance, C.C. 3394, spread the risk of loss so that it not destroy the hapless homeowner. Some relief for persons in appellants' position ought to be provided. The Digest of 1808, p. 466, art. 60, gave relief: it provided *697 that the omission of a recorded mortgage from the recorder's certificate left the property, "saving the responsibility of the [recorder], free from the charges omitted in the hands of the new possessor . . . ."
That 1808 provision was deleted from the Civil Code of 1825. More recently, in Acts 1970 No. 609, requiring recorders to maintain liability insurance (rather than an inadequate bond), the Legislature again expressed the intent to protect innocent persons harmed by errors on the part of the recorder. The courts, too, have enforced the recorder's liability under C.C. 3394 when discrepancies are shown between the fraudulent notes and the mortgage's description of the original notes; Fisher v. Levy, 1934, 180 La. 195, 156 So. 220. One may assume that the Recorder's "omitting to mention" recorded acts within C.C. 3394 means omitting to mention acts whose inscription has not been cancelled in accordance with the Code or other statutory requirements (e. g., R.S. 9:5167). Whether the present cancellations were authorized by law is not an issue in this case.
Appellants stress their freedom from fault, although they concede the mortgagees' equal innocence. They also claim protection of "the legal doctrine that persons in good faith buying real estate or acquiring a mortgage or lien on realty can rely on public records in determining ownership or encumbrances of real property".
This argument overstates Louisiana recordation law. It omits to address the problem of the radical invalidity of forged instruments affecting land: if a good-faith mortgagee could lose his mortgage because a fraudulent release bearing a forgery of the mortgagee's signature is recorded, then a home owner could lose his home because a fraudulent sale or mortgage bearing a forgery of the home-owner's signature is recorded.
The Louisiana recordation law is to the contrary: recordation does not create rights at all, much less grant validity to forgeries.[1]Succession of Rosinski, La.App. 3 Cir. 1963, 158 So.2d 467 (denying ownership to a good-faith third party who bought in "reliance" upon a recorded judgment of possession based on a forged will); Lacour v. Ford Investment Corp., La.App. 4 Cir. 1966, 183 So.2d 463 (factually similar to our case). Rights of purchasers and conventional mortgagees in immovable property are created by the act of purchase or mortgage from the owner. Proof that such rights in immovables have been so created is governed by two inflexible evidentiary rules in C.C.Tit. IV Ch. 6, "Of the Proof of Obligations and of That of Payment": the contracts must be in writing, C.C. 2275, and, to affect third persons, they must be recorded, C.C. 2266 et al. Just as one cannot prove a contract affecting title to immovable property, so as to make it effective between the parties, with evidence that is exclusively oral, one also cannot prove such a contract, so as to make it effective against third persons, with evidence that is exclusively unrecorded. But being recorded, like being in writing, is itself not proof of anything, and particularly it is neither proof nor promise of the genuineness or validity of the recorded or written instrument which alone can be the source of the rights asserted. All that recordation does for an instrument, valid or fraudulent, is to permit its introduction into evidence for purposes of asserting its validity against third persons.
Therefore a third person can rely upon absence from the records (non-recordation) as guaranteeing ineffectiveness of an instrument required to be recorded. But he cannot rely upon the presence in the records (recordation) of the instrument, because the only effect of recordation is admissibility into evidence with effectiveness against third persons. In our case, the unfortunate homeowners do not rely on the absence of the mortgages from the recordsthe mortgages are still there though *698 marked cancelled. The homeowners rely upon the presence of the forged releases in the records, or, as a practical matter, upon the omission of those mortgages from the recorder's certificate. The presence of the releases in the records entitles the homeowners only to introduce the releases into evidence, as against third persons. The releases remain forgeries, still radically invalid, incapable of waiving the mortgagees' rights or of thereby freeing the home from the mortgages: only the "parties interested", C.C. 3371, can consent to the erasure of mortgage inscriptions; Macarty v. Landreaux, La. 1844, 8 Rob. 130; De St. Romes v. Blanc, 1868, 20 La.Ann. 424; Levy v. Desposito, 1913, 133 La. 126, 62 So. 599; Gallagher v. Conner, 1916, 138 La. 633, 70 So. 539; Fisher v. Trimble, 1926, 161 La. 343, 108 So. 666; Freeland v. Carmouche, 1933, 177 La. 395, 148 So. 658; Zimmer v. Fryer, 1938, 190 La. 814, 183 So. 166.
Affirmed.
NOTES
[1] Even the presumptions of genuineness after 22 or 30 years of recordation, La.R.S. 13:3727 and 3729, are rebuttable.