882 So.2d 543 (2004)
FORUM FOR EQUALITY PAC, A Registered Louisiana Political Action Committee, Laurence E. Best, Jeanne M. LeBlanc, and William A. Schultz
v.
CITY OF NEW ORLEANS and The Honorable W. Fox McKeithen, In His Official Capacity as Secretary of State of Louisiana Only, and Not Individually.
No. 2004-CA-2104.
Supreme Court of Louisiana.
August 17, 2004.
*544 PER CURIAM.
The Honorable W. Fox McKeithen, in his capacity as Secretary of State of the State of Louisiana, invokes the appellate jurisdiction of this court to consider a judgment of the district court enjoining the State from placing a proposed constitutional amendment on the ballot for September 18, 2004.
La. Const. art. V, § 5(D) provides in pertinent part that a case shall be appealable to the supreme court if "a law or ordinance has been declared unconstitutional, ..." The judgment at issue does not declare a law or ordinance unconstitutional. Therefore, this court lacks appellate jurisdiction pursuant to La. Const. art. V, § 5(D). Appellate jurisdiction to review this judgment is vested in the court of appeal pursuant to La. Const. art. V, § 10(A).
Accordingly, it is ordered that the appeal be transferred to the Court of Appeal, Fourth Circuit to be scheduled and decided on an expedited basis.
CALOGERO, C.J., concurs and assigns reasons.
KNOLL, J., dissents and assigns reasons.
CALOGERO Concurs and Assigns Reasons.
I concur in the majority's decision to transfer this appeal to the Louisiana Fourth Circuit Court of Appeal. I would prefer that we construe the appeal lodged here as an alternative application for supervisory writs, then grant such application and set such case for briefing and oral argument in order to expedite the resolution of this important legal issue, time being of the essence.
KNOLL, J., Dissenting.
Because of the time constraints involved in this matter concerning an important issue of statewide concern, I would consider the case under this court's supervisory jurisdiction. Considering the matter under supervisory jurisdiction, I find the preliminary injunction goes outside the scope of relief requested in the petition and would vacate the preliminary injunction.