881 So.2d 777 (2004)
FORUM FOR EQUALITY PAC, A Registered Louisiana Political Action Committee, Laurence E. Best, Jeanne M. Leblanc and William A. Schultz
v.
CITY OF NEW ORLEANS and The Honorable W. Fox McKeithen, in his Official Capacity as Secretary of State of Louisiana only, and not Individually.
No. 2004-CA-1521.
Court of Appeal of Louisiana, Fourth Circuit.
August 30, 2004.
*778 John D. Rawls and Regina O. Matthews, Martzell & Bickford and Kenneth Randall Evans, Evans & Clesi, PLC, New Orleans, LA for Plaintiffs/Appellees.
J. Michael Johnson, Shreveport, LA, for Intervenors, Heulette "Clo" Fontenot, State Senator, John J. Hainkel, Jr., State Senator, A.G. Crowe, State Representative, Steve J. Scalise, State Representative, Louisiana Family Forum, Louisiana Family Forum Action, and American Family Association of New Orleans.
Charles C. Foti, Jr., Attorney General of Louisiana, Angie R. LaPlace, Assistant Attorney General of Louisiana, Roy A. Mongrue, Jr., Assistant Attorney General, Thomas S. Halligan, Assistant Attorney General, Baton Rouge, LA, for Defendant/Appellant, W. Fox McKeithen, in His Official Capacity as Secretary of State of Louisiana.
Thomas A. Robichaux, Assistant City Attorney, Deborah M. Henson, Assistant *779 City Attorney, Ed Washington, Deputy City Attorney, Evelyn F. Pugh, Chief Deputy City Attorney, Sherry S. Landry, City Attorney, New Orleans, LA, for The City of New Orleans.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS JR., Judge LEON A. CANNIZZARO JR., Judge ROLAND L. BELSOME).
MICHAEL E. KIRBY, Judge.
The Honorable W. Fox McKeithen ("McKeithen"), Louisiana's Secretary of State, appeals a judgment of the Civil District Court for the Parish of Orleans, granting a writ of permanent injunction enjoining him from placing on the September 18, 2004 election ballot a proposed constitutional amendment, Act 926 of the 2004 Regular Session of the Louisiana Legislature (hereinafter, "Act 926"). Act 926, a joint resolution of the legislature, reads in its entirety as follows:
A JOINT RESOLUTION
Proposing an amendment to the Constitution of Louisiana, to enact Article XII, Section 15, relative to marriage; to require that marriage in the state shall consist only of the union of one man and one woman; to provide that the legal incidents of marriage shall be conferred only upon such union; to prohibit the validation or recognition of the legal status of any union of unmarried individuals; to prohibit the recognition of a marriage contracted in another jurisdiction which is not the union of one man and one woman; to provide for submission of the proposed amendment to the electors and provide a ballot proposition; and to provide for related matters.
Section 1. Be it resolved by the Legislature of Louisiana, two-thirds of the members elected to each house concurring, that there shall be submitted to the electors of the state of Louisiana, for their approval or rejection in the manner provided by law, a proposal to add Article XII, Section 15 of the Constitution of Louisiana, to read as follows:
§ 15. Defense of Marriage
Section 15. Marriage in the state of Louisiana shall consist only of the union of one man and one woman. No official or court of the state of Louisiana shall construe this constitution or any state law to require that marriage or the legal incidents thereof be conferred upon any member of a union other than the union of one man and one woman. A legal status identical or substantially similar to that of marriage for unmarried individuals shall not be valid or recognized. No official or court of the state of Louisiana shall recognize any marriage contracted in any other jurisdiction which is not the union of one man and one woman.
Section 2. Be it further resolved that this proposed amendment shall be submitted to the electors of the state of Louisiana at the statewide election to be held on September 18, 2004.
Section 3. Be it further resolved that on the official ballot to be used at said election there shall be printed a proposition, upon which the electors of the state shall be permitted to vote FOR or AGAINST, to amend the Constitution of Louisiana, which proposition shall read as follows:
To provide that marriage in this state shall consist of the union of one man and one woman, that legal incidents of marriage shall not be conferred on a member of any union other than such *780 union, and that the state shall not validate or recognize a legal status identical or substantially similar to that of marriage for unmarried individuals or any marriage contracted in any other jurisdiction which is not the union of one man and one woman. (Adds Article XII, Section 15)
On August 6, 2004, Forum for Equality PAC, a registered Louisiana political action committee, Lawrence E. Best, Jeanne M. LeBlanc, and William A. Schultz (hereinafter collectively, the "plaintiffs") filed suit for declaratory and injunctive relief against the City of New Orleans, McKeithen, and the Attorney General of Louisiana, asserting Act 926 could not constitutionally be placed on the September 18, 2004 ballot because it would violate La. Const. arts. I, §§ 1, 3, 4, 22, and 23, and XIII, § 1.[1] Insofar as the alleged violations of article I, the plaintiffs asserted that the proposed amendment denies them the equal protection of the law; denies a person the right to acquire, own, control, use, enjoy, protect and dispose of private property; impairs the obligations of contracts; denies an adequate remedy through due process of law; and deprives inalienable rights. Relating to article XIII, the plaintiffs assert the proposed amendment violates the Louisiana constitutional prohibition against a proposed amendment addressing more than one object and, further, that the prefiled proposed amendment was so different from that set forth in the joint resolution that was finally adopted that, effectively, the proposed amendment was not properly prefiled.[2]
By order of August 10, 2004, the trial court set a hearing on the application for preliminary injunction for August 13, 2004 upon "verified pleadings and/or supporting affidavits." See La. C.C.P. art. 3609. Also on August 10, 2004, McKeithen filed peremptory exceptions of no right of action and no cause of action, asserting that the plaintiffs had no real and actual interest in the proposed amendment and that Louisiana law offered the plaintiffs no remedy to prevent the electors from voting on a proposed amendment or from nullifying the date that the legislature set for a referendum.
Following the trial of the preliminary injunction, the trial court granted the preliminary injunction, holding that September 18, 2004 was not a "statewide election" date as that term is used in La. Const. art. XIII, § 1. Further, the trial court noted that Graham v. Jones, 198 La. 507, 3 So.2d 761 (1941), permits courts to review whether a proposed constitutional amendment is properly presented to the electors for adoption. From the judgment, McKeithen appealed. This court dismissed the appeal because the trial court had granted a permanent injunction while the appeal of the preliminary injunction was pending before us; the permanent injunction enjoined McKeithen from placing the proposed constitutional amendment on the ballot, finding September 18, 2004 was not a "statewide" election date under La. Const. Art. XIII, § 1 and finding the proposed amendment was not confined to a single object as required by La. Const. art. XIII, § 1.
On August 23, 2004 and prior to this court hearing oral arguments in Forum for *781 Equality PAC v. City of New Orleans, XXXX-XXXX (La.App. 4 Cir. 2/24/04), ___ So.2d ___, 2004 WL 2008934 [emphasis added], McKeithen obtained an order from the trial court suspensively appealing the trial court's judgment granting the permanent injunction.

MOTION TO TRANSFER
The plaintiffs have filed a motion to transfer this present appeal to the Supreme Court of Louisiana, asserting that jurisdiction for this appeal properly is with that court. We disagree.
In this same case, on August 17, 2004, the Supreme Court of Louisiana in Forum for Equality PAC v. City of New Orleans, 2004-2104 (La.8/17/04), ___ So.2d ___, 2004 WL 1837924 transferred the appeal of McKeithen, in his capacity as Louisiana's Secretary of State, to this court for consideration of the trial court's judgment preliminarily enjoining the state from placing a proposed constitutional amendment on the ballot for September 18, 2004. The Supreme Court determined that it did not have appellate jurisdiction of the matter pursuant to La. Const. art. V, § 5(D) because no law or ordinance had been declared unconstitutional;[3] this court has appellate jurisdiction of the matter by virtue of La. Const. art. V, § 10(A). This court affirmatively agreed with that holding in this same case in Forum for Equality PAC v. City of New Orleans, XXXX-XXXX (La.App. 4 Cir. 2/24/04), ___ So.2d ___, 2004 WL 2008934 [emphasis added].
Accordingly, we deny the motion to transfer.

DISCUSSION
In this appeal, McKeithen assigns as error that the trial court erred (1) in overruling his peremptory exception of no right of action and (2) no cause of action; (3) in finding Act 926 was unconstitutional for not confining itself to a single object; (4) in finding that September 18, 2004 was not a statewide election for purposes of submitting a proposed constitutional amendment to the electors in violation of the Louisiana Constitution; (5) in granting a permanent injunction preventing him from placing Act 926 on the September 18, 2004 ballot; and (6) in admitting expert testimony of individuals asserted to be experts in Louisiana law.[4]

APPELLANT'S ASSIGNMENTS OF ERROR 1 AND 2
We find that the plaintiffs have a right of action and the trial court was correct in overruling McKeithen's exception.
An action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(5). The function of the *782 exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The exception of no right of action assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885.
In Foltmer v. James, XXXX-XXXX, p. 3 (La.App. 4 Cir. 9/12/01), 799 So.2d 545, 547, we stated:
In Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (La.1972), the Louisiana Supreme Court listed two possible questions that can be raised by an exception of no right of action: (1) "whether the plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy," or (2) "whether plaintiff has the right to invoke a remedy which the law extends only conditionally." Id. at 1096, 262 So.2d 328, 262 So.2d at 333.
The individual plaintiffs are electors of Louisiana and have an interest in the proposed constitutional amendment. They have a right of action. Similarly, Forum for Equality PAC, a registered political action committee, has an interest in the proposed constitutional amendment. They also have a right of action.
Accordingly, the trial court did not err in overruling the exception of no right of action.
Similarly we find that the plaintiffs have a cause of action. Although La. R.S. 18:1405 C favors the attack upon a proposed constitutional amendment to be instituted after the promulgation of the election results by the secretary of state, we note infra jurisprudence that holds that a plaintiff might attack a proposed constitutional amendment that is unquestionably unconstitutional.
In this case, it is premature to consider whether the substance of proposed Article XII, § 15 is unconstitutional because it is not yet the law of Louisiana. Questions may exist as to the constitutionality of the substantive provisions of the proposed amendment, but those issues are deferred until such time as the electors adopt the amendment. Nevertheless, because in theory the plaintiffs have questioned the validity of the procedure by which the joint resolution was adopted by the legislature and the attack on whether September 18, 2004 is an appropriate date for a statewide election for a proposed constitutional amendment, we find that the trial court's determination that the plaintiffs state a cause of action is not erroneous.
We therefore conclude that this assignment of error is without merit.

APPELLANT'S ASSIGNMENT OF ERROR 3
Whether proposed new article XII, § 15 confines itself to a single object is a question of law. In Miller v. Greater Baton Rouge Port Commission, 225 La. 1095, 74 So.2d 387 (1954), the Louisiana Supreme Court established that germaneness is the test as to whether there is a single object with multiple parts. Our review establishes that the substantive parts of proposed article XII, § 15 are arguably germane to one another sufficiently so that in advance of adoption of the amendment by the electors the matter can be placed upon the ballot. In light of La. R.S. 18:1405 C, we find that the merits of the issue may only be attacked when and if the electors adopt the proposed amendment. A decision by a court any earlier than that would be merely advisory and is *783 best decided after ample time to conduct appropriate discovery, not in the expedited process of an election contest conducted before the election is held.
We conclude that the trial court erred as a matter of law in addressing the issue prior to the adoption of the amendment.

APPELLANT'S ASSIGNMENT OF ERROR 4
La. Const. art. XIII, § 1 states:
§ 1. Amendments
(A) Procedure. An amendment to this constitution may be proposed by joint resolution at any regular session of the legislature, but the resolution shall be prefiled, at least ten days before the beginning of the session, in accordance with the rules of the house in which introduced. An amendment to this constitution may be proposed at any extraordinary session of the legislature if it is within the objects of the call of the session and is introduced in the first five calendar days thereof. If two-thirds of the elected members of each house concur in the resolution, pursuant to all of the procedures and formalities required for passage of a bill except submission to the governor, the secretary of state shall have the proposed amendment published once in the official journal of each parish within not less than thirty nor more than sixty days preceding the election at which the proposed amendment is to be submitted to the electors. Each joint resolution shall specify the statewide election at which the proposed amendment shall be submitted. Special elections for submitting proposed amendments may be authorized by law.

(B) Form of Proposal. A proposed amendment shall have a title containing a brief summary of the changes proposed; shall be confined to one object; and shall set forth the entire article, or the sections or other subdivisions thereof, as proposed to be revised or only the article, sections, or other subdivisions proposed to be added. However, the legislature may propose, as one amendment, a revision of an entire article of this constitution which may contain multiple objects or changes. A section or other subdivision may be repealed by reference. When more than one amendment is submitted at the same election, each shall be submitted so as to enable the electors to vote on them separately.
This provision specifically requires that an amendment shall be presented at a statewide election. We understand the word "statewide" in this section of the constitution to apply to both general and primary election dates. The word "statewide" is merely intended to direct that all electors must be able to vote on the proposed amendment at the same time and not intended to limit the presentation of the amendment to the electors to the times when other election issues are on the election ballot. This is reinforced by the last sentence in La. Const. art. III, § 1A, which authorizes the legislature to call special elections to vote on proposed constitutional changes. September 18, 2004, putting aside that it is not a "general" election day as distinguished from a statewide "primary" election date as defined in the Election Code and modified by federal jurisprudence, is a valid date for holding a vote on a proposed constitutional amendment. See Love v. Foster, 147 F.3d 383, 387 (5th Cir.1998).
La. R.S. 18:402 provides, in pertinent part:
§ 402. Dates of primary and general elections

*784 * * *
B. Congressional elections. Elections for members of Congress and officers elected at the same time as members of Congress shall be held every two years, beginning in 1982.
(1) Congressional primary elections shall be held on the first Saturday in October of an election year.
(2) Congressional general elections shall be held on the first Tuesday after the first Monday in November of an election year.
* * *
F. Bond, tax, or other elections. Every bond, tax, or other election at which a proposition or question is to be submitted to the voters shall be held only on one of the following dates:
(1) The second to last Saturday in October or the fourth Saturday after the second to last Saturday in October of 1983 and every fourth year thereafter.
(2) The first Saturday in October or the first Tuesday after the first Monday in November of even-numbered years.
* * *
G. Prohibited days. No election of any kind shall be held in this state on any of the days of Rosh Hashanah, Yom Kippur, Sukkoth, Shimini Atzereth, Simchas Torah, the first two days and the last two days of Passover, Shavuoth, Fast of AV, or the three days preceding Easter. If the date of any election falls on any of the above named days, the election shall be held on the same weekday of the preceding week.
[Emphasis added.]
Subparagraph F of La. R.S. 18:402 is applicable to constitutional amendments because no other provision of law addresses the timing of the presentation of proposed constitutional amendments and the dates that proposed amendments may be submitted to the voters.[5]
Ordinarily, by virtue of La. R.S. 18:402 F(2), in the year 2004 the election should be held on Saturday, October 2, 2004. However, because one of the days of Sukkoth falls on October 2, 2004, by virtue of La. R.S. 18:402 G, the election would have been held on the same day of the preceding week, i.e., on Saturday, September 25, 2004. However, September 25, 2004 is Yom Kippur. Again, by virtue of La. R.S. 18:402 G, the election must be held on the same day of the preceding week, i.e., on Saturday, September 18, 2004.
That several voting precincts in Louisiana may have nothing other than the proposed amendment on the ballot is of no moment because the electors in those parishes are being afforded an opportunity to express their preference on the proposed amendment on the same day as all other electors in Louisiana.
We conclude from the foregoing that the Louisiana Legislature by adopting Act 926 did not violate either the laws or constitution of Louisiana when it set the election for the proposed amendment on September 18, 2004. The trial court erred in granting the injunction on this ground.
Accordingly, we find McKeithen's assignment of error has merit.

APPELLANT'S ASSIGNMENT OF ERROR 5
We first note that an injunction only should issue "where irreparable injury *785 loss, or damage may otherwise result...." La. C.C.P. art. 3601. In the case at bar, because the proposed constitutional amendment has no force of law (save placing the proposal before the electors, tabulating the election ballots, and promulgating the election results), the record before us fails to disclose grounds for issuance of an injunction at this time.
Our jurisprudence holds that the validity or constitutionality of a proposed constitutional amendment will not be determined or passed upon by a court until the constitutional amendment is adopted. State ex rel. Bussie v. Fant, 216 La. 58, 43 So.2d 217 (1949); Johnson v. Carter, XXXX-XXXX, p. 3 (La.App. 4 Cir. 6/28/00), 767 So.2d 790, 791. Only where a proposed constitutional amendment is unquestionably invalid on its face should a court refuse to permit the matter to be submitted to the voters. Johnson, id.; Javers v. Council of City of New Orleans, 351 So.2d 247 (La.App. 4th Cir.1977).
Further, La. R.S. 18:1405, in pertinent part, states:
C. An action contesting an election on a proposed constitutional amendment shall be instituted within ten days after promulgation of the results of the election by the secretary of state.
We find that this law and the above jurisprudence preclude a person from contesting the presentation to the electors of a proposed constitutional amendment until after the electors have voted upon the proposal unless the proposed amendment is clearly and unquestionably unconstitutional. We note that the plaintiffs have specifically pled that they do not assert the unconstitutionality of the proposed amendment under federal law, but only claim unconstitutionality under state law. We further note that the amendment's language will only have substantive effect if the electors approve it at an election. Thus, if the electors reject the amendment, the issues presently before us and the constitutionality of the new article XII, § 15 become moot.

APPELLANT'S ASSIGNMENT OF ERROR 6
We pretermit a discussion of this assignment in view of our ruling on assignments three, four and five.
The plaintiffs have answered the appeal of McKeithen assigning two errors: First, they claim that Act 926 is unconstitutional because it alienates and violates rights set forth in La. Const. art. I, § 1, and second, they claim that the trial court erred in failing to declare the proposed amendment unconstitutional for violating the prefiling requirements of Article XIII, § 1.
We again note that the plaintiffs have specifically pled that they do not want this case decided upon federal constitutional grounds. Thus, our consideration of this case does not in any way address federal constitutional rights.

APPELLEES' ASSIGNMENT OF ERROR 1
In substance, the plaintiffs' first assignment of error argues that their rights that the proposed amendment intends to infringe upon cannot be altered, except possibly by a constitutional convention. They cite no legal authority for this proposition, but merely refer to statements by delegates to the constitutional convention discussing the then proposed La. Const. Art. I § 1. Essentially they claim that La. Const. art. I is superior to all other rights in the Louisiana Constitution. As a matter of law, we know of no authority whatsoever that prohibits the Louisiana legislature from proposing a constitutional amendment to the electors of Louisiana on any topic whatsoever that would amend the constitution in any way or fashion. This has been recognized by the Louisiana *786 Supreme Court in Police Jury of the Parish of Washington v. All Taxpayers, Property Owners and Citizens of Industrial Dist. No. 1 of Washington Parish, 278 So.2d 474 (La.1973). Thus, we know of no law that prohibits the legislature from offering an amendment to the electors to amend all or any part of article I. But because we find that this argument is not properly decided unless the proposed amendment is adopted, this issue is reserved to the plaintiffs to address at a later date if the proposed amendment is adopted.
The assignment is for purposes of this appeal without merit.

APPELLEES' ASSIGNMENT OF ERROR 2
The prefiling requirements of La. Const. art. XIII, § 1 merely require the proposed amendment deal in general details about the topic to be proposed to the electors of Louisiana. The legislature has full authority to amend the proposed joint resolution as it sees fit so long as the alterations and amendments to the proposal are reasonably germane to the topic of the proposed amendment as prefiled. Amendments can be made at any time during the legislative process prior to both branches of the legislature adopting the same language by the necessary number of votes. The same subject matter as stated in the prefiled and advertised proposal must be germane to the topic. We find no evidence in the record before us of the legislature exceeding its authority in amending the joint resolution as originally filed. Moreover, the original proposal dealt with prohibiting marriage between anyone other than one man and one woman, a concept embodied in La. C.C. arts. 89 and 96. The amendments to the prefiled resolution arguably relate to incidents of marriage. We find that the issue is not appropriately addressed unless the electors adopt the proposed amendment and not before, for any opinion we would give would be merely advisory.
This assignment is similarly for the present without merit.

CONCLUSION
In summary, for the foregoing reasons, we deny the plaintiffs' motion to transfer this case to the Louisiana Supreme Court. We affirm the trial court's overruling of McKeithen's peremptory exceptions of no right of action and no cause of action. We reverse the judgment of the trial court granting the plaintiffs a writ of permanent injunction, enjoining the submission to the electors of Louisiana the proposed constitutional amendment relative to defense of marriage, Act 926.
MOTION DENIED; AFFIRMED IN PART; REVERSED IN PART; RENDERED.
ARMSTRONG, C.J., dissents with reasons.
ARMSTRONG, C.J., dissents with reasons.
I must respectfully dissent from this Court's consideration of the instant appeal as I do not believe that this Court has jurisdiction. The judgment below declares Act 926 unconstitutional. Therefore, this matter should proceed by direct appeal to the Supreme Court of Louisiana. La. Const. art. V, § 5(D). When the redactors of our Constitution chose to use the term "law" in Article V, § 5(D), they chose a term broader than "statute." See, Melancon v. State Board of Education, 249 La. 604, 188 So.2d 419 (1966); Fouchaux v. Board of Com'rs of Port of New Orleans, 213 La. 803, 35 So.2d 738 (1948). Therefore, I read "law" as used in Article V, *787 § 5(D) to include Act 926 for purposes of direct appeal to the Supreme Court.
NOTES
[1] The plaintiffs specifically state that they do not allege a violation of the U.S. Constitution.
[2] The prefiled proposed amendment called for a vote on the proposed amendment on November 2, 2004 (the day that the electors in Louisiana will vote in the primary for congressmen and senators and for the electors to the electoral college who will choose the President and Vice President of the United States), while the final joint resolution changed the date to September 18, 2004.
[3] A joint resolution of the legislature is not a law. La. Const. art. III, §§ 12, 17(B), and 20 clearly distinguishes a joint resolution from a law. A joint resolution does not require the signature of the governor to have any effect. La. Const. art. III, § 17(B). A law, on the other hand, can only be effective if commenced as a bill with a title, passed by a specified vote (either a majority or in some cases higher) of both houses of the legislature (La. Const. art. III, § 15), and signed by the governor "within ten days after delivery to him if the legislature is in session on the tenth day after such delivery, or within twenty days after delivery if the tenth day after delivery occurs after the legislature adjourns." La. Const. art. III, § 18(A).
[4] Alliance Defense Fund ("Alliance") has also submitted a brief to this court asserting that it is an intervenor in this case. Although the record does not have a copy of a formal intervention, Alliance has supplemented the record with a transcript in which the trial court said that it would allow Alliance to intervene.
[5] We note that La. Const. art. XIII, § 1 authorizes constitutional amendments at special elections. Thus, to the extent one might argue that no general election is set for September 18, 2004, we find that a constitutional amendment may presently be voted upon by the electors on any date authorized by La. R.S. 18:402 F.