886 So.2d 1172 (2004)
FORUM FOR EQUALITY PAC, A Registered Louisiana Political Action Committee, Louisiana Log Cabin Republicans, an Unincorporated Louisiana Association, Laurence E. Best, Jeanne M. LeBlanc, Gerald W. Thibodeaux, William A. Schultz, and Julie A. Jacobs
v.
The Honorable W. Fox McKEITHEN, in His Official Capacity as Secretary of State of Louisiana Only, and Not Individually, and The City of New Orleans.
No. 2004 CE 2182.
Court of Appeal of Louisiana, First Circuit.
October 13, 2004.
John D. Rawls, Regina O. Matthews, Kenneth Randall Evans, New Orleans, Counsel for Plaintiffs/Appellees/Appellants, Forum for Equality PAC, Louisiana Log Cabin Republicans, Laurence E. Best, Jeanne M. LeBlanc, Gerald W. Thibodeaux, William A. Schultz, and Julie Jacobs.
Thomas A. Robichaux, Evelyn Pugh, Sherry S. Landry, New Orleans, Counsel for Defendant/Appellee, City of New Orleans.
Charles C. Foti, Jr., Attorney General, Angie Rogers LaPlace, Roy A. Mongrue, Jr., Thomas Halligan, Assistant Attorneys General, Baton Rouge, Counsel for Defendant/Appellant/Appellee, The Honorable W. Fox McKeithen, Secretary of State of Louisiana.
J. Michael Johnson, Shreveport, Counsel for Intervenors/Appellants/Appellees, Hon. Heulette "Clo" Fontenot, State Senator, Hon. John J. Hainkel, Jr., State Senator, Hon. A.G. Crowe, State Representative, Hon. Steve J. Scalise, State Representative, Louisiana Family Forum, Louisiana Family Forum Action, and American Family Association of New Orleans.
Before: CARTER, C.J., WHIPPLE, PETTIGREW, GAIDRY and McDONALD, JJ.
*1173 PER CURIAM.
This court has been asked to address the correctness of the district court judgment, which in addition to other conclusions, expressly declares Constitutional Amendment No. 1 ("Amendment"), approved by a majority of the Louisiana electorate at the September 18, 2004 election and proposing the addition of Article XII, Section 15 to the Louisiana Constitution, unconstitutional. Finding jurisdiction rests with the Louisiana Supreme Court, we transfer the appeal.

FACTS AND PROCEDURAL BACKGROUND
Pursuant to Acts 2004, No. 926, the legislature resolved that there be placed on the official ballot at the September 18, 2004 statewide election a proposition, upon which:
[T]he electors of the state shall be permitted to vote FOR or AGAINST, to amend the Constitution of Louisiana, which proposition shall read as follows:
To provide that marriage in this state shall consist of the union of one man and one woman, that legal incidents of marriage shall not be conferred on a member of any union other than such union, and that the state shall not validate or recognize a legal status identical or substantially similar to that of marriage for unmarried individuals or any marriage contracted in any other jurisdiction which is not the union of one man and one woman. (Adds Article XII, Section 15)
Act No. 926, Section 3.
The September 18, 2004 election was held, and the measure was approved by 77.78% of the electorate: 619,908 votes for and 177,067 votes against the Amendment.
Plaintiffs, Forum for Equality PAC, a registered Louisiana political action committee, Louisiana Log Cabin Republicans, an unincorporated Louisiana association, Laurence E. Best, Jeanne M. LeBlanc, Gerald W. Thibodeaux, William A. Schultz, and Julie A. Jacobs, filed suit in the Nineteenth Judicial District Court, Parish of East Baton Rouge, against defendants, W. Fox McKeithen, in his official capacity as Secretary of State of Louisiana, and the City of New Orleans. Plaintiffs' suit, identified as brought pursuant to the Louisiana Election Code, raised six challenges to the September 18, 2004 election and to the Amendment.[1] These challenges include allegations that:
1. Fatal irregularities occurred in the Orleans Parish election.
2. The Louisiana Election Code is unconstitutional and fatally defective under Article XI, Section 1 of the Louisiana Constitution.
3. The Amendment is unconstitutional because it violates Article I of the Louisiana Constitution, the Declaration of Rights.
4. The Amendment is unconstitutional because it violates Article XIII, Section 1 of the Louisiana Constitution, in that a constitutional amendment must be confined to one object.
5. The Amendment is unconstitutional because it violates Article XIII, Section 1 of the Louisiana Constitution, in that a proposed amendment must be pre-filed prior to the legislative session where it is approved.

*1174 6. The Amendment is unconstitutional because it violates Article XIII, Section 1 of the Louisiana Constitution, that a proposed constitutional amendment be submitted to the voters at a statewide election.
In response to allegation number 6, that the amendment was not submitted to the voters at a statewide election, defendant McKeithen filed an exception raising the objections of res judicata and no cause of action. In support of his exceptions, defendant McKeithen relied on the earlier resolution of that issue in a related case, Forum for Equality PAC v. City of New Orleans, 04-1521 (La.App. 4 Cir. 8/30/04), 881 So.2d 777.
Thereafter, State Senators Heulette "Clo" Fontenot, John J. Hainkel, Jr., and State Representatives A.G. Crowe and Steve J. Scalise, along with Louisiana Family Forum, Louisiana Family Forum Action, and American Family Association of New Orleans filed a Petition of Intervention. Intervenors are aligned and united with defendants, McKeithen and City of New Orleans, in resisting the plaintiffs' demands.
On October 5, 2004, trial was held, and on October 6, 2004, a final judgment was signed. The judgment granted the petition for intervention; granted, as against all plaintiffs, defendant's exception raising the objection of res judicata in regard to Allegation No. 6; declined to rule on Allegations Nos. 1-3 and 5; granted judgment favorable to all plaintiffs and against all defendants in regard to Allegation No. 4, specifically invalidating the September election and declaring the Amendment in violation of Article XIII, Section 1(B) of the Louisiana Constitution, which provides in pertinent part that "[a] proposed amendment ... shall be confined to one object." The district court also stayed the effect of the Amendment, including the issuance of any proclamation, to permit review of its judgment by higher courts.
Defendant McKeithen and intervenors jointly filed a motion for suspensive appeal. The order of appeal simultaneously grants defendant McKeithen and intervenors a suspensive appeal to this court and to the Louisiana Supreme Court. Plaintiffs have answered that appeal.

ANALYSIS
The threshold issue in this and every appeal is whether jurisdiction properly lies with this court. The district court judgment provides, "the court expressly declares the said proposed constitutional amendment to be unconstitutional and in violation of Article XIII, Section 1(B), 1974 Constitution of Louisiana." Under Article V, Section 5(D), of the Louisiana Constitution, "a case shall be appealable to the supreme court" if a law or ordinance has been declared unconstitutional. Moreover, Article V, Section 5(F) of the Louisiana Constitution states "that the supreme court has appellate jurisdiction over all issues involved in a civil action properly before it."
As the supreme court has exclusive appellate jurisdiction to review the declaration of unconstitutionality, it also has appellate jurisdiction over all other issues involved in this case. See Louisiana Electorate of Gays and Lesbians, Inc. v. State, 99-2949 (La.App. 4 Cir. 11/14/01), 806 So.2d 678, 684 (on application for rehearing en banc); see also Church Point Wholesale Beverage Co. v. Tarver, 614 So.2d 697, 700-01 (La.1993). As observed by the fourth circuit, "[i]t defies logic and any consideration of judicial economy to split any case, much less a complex case, into different appeals, within different tribunals." Louisiana Electorate, 806 So.2d at 683.

*1175 CONCLUSION
Considering that the district court expressly declared the proposed constitutional amendment to be unconstitutional and in violation of Article XIII, Section 1(B) of the 1974 Louisiana Constitution, under Article V, Section 5(D) of the Louisiana Constitution, this case must be directly appealed to the supreme court. For the additional reasons set forth herein, the appeal is transferred to the Louisiana Supreme Court, which has jurisdiction pursuant to Article V of the Louisiana Constitution. See LSA-C.C .P. art. 2162.
APPEAL TRANSFERRED TO LOUISIANA SUPREME COURT.
NOTES
[1] It is questionable whether a suit, or that part of a suit, seeking a declaration that a voter-approved constitutional amendment is in violation of the Louisiana Constitution is properly brought under the Election Code, with its accompanying exigency. Regardless, we expedite this matter as a courtesy to the parties, the citizens of Louisiana, and the Louisiana Supreme Court.